## LANGHAM v. RECONSTRUCTION FINANCE CORP. et al.

Civ. No. 1162.

United States District Court
M. D. Tennessee, Nashville Division.

Heard July 31, 1952.

Decided Sept. 28, 1952.

Horace Frierson, Columbia, Tenn., and K. Harlan Dodson, Jr., Nashville, Tenn., for plaintiff.

James M. Swiggart, Asst. U. S. Atty., Nashville, Tenn., and Howard Butler, Nashville, Tenn., for defendants.

DAVIES, District Judge.

The cause was submitted upon the pleadings, evidence, exhibits, and argument of counsel for plaintiff and defendants, and, after due consideration thereof, the Court enters its Findings of Fact and Conclusions of Law, as follows:

### Findings of Fact

1. The plaintiff in this cause was entitled to a veteran's preference, he having served as a soldier in World War I for a period of twenty-one months and having been honorably discharged from the Army with a compensable service connected disability, for which he has been drawing compensation ever since.

2. The plaintiff was qualified as an examiner under the qualifications set out in the regulations of the Reconstruction Finance Corporation as promulgated by the Civil Service Commission. Plaintiff was employed by the American National Bank from 1924 to 1940 and had a banking experience of sixteen years with that partic-

ular bank; and that ten years of that experience was as Branch Manager of the 808 Office where he had authority to make personal and business loans up to the amount of $1,000.00 without referring the loans to a committee, and that he had authority to make other loans without any limitation as to amount upon obtaining all of the information relative to the loan and approval of the Committee; such committee approval being normal in banking business with high officers of a bank.

In addition, plaintiff thereafter had several years experience as an Assistant Cashier of the Commerce Union Bank, during which time he acquired considerable experience in the field of banking. In addition, plaintiff is an expert accountant, which accounting knowledge is necessary in examining audits and thus determining whether or not company loans should be made.

3. Plaintiff had qualifications which should be rated as high as that of some of the other examiners with the defendant agency, most of whom obtained their experience from banking; and plaintiff apparently had as much banking experience as any of the examiners.

4. At the time plaintiff was employed by the Reconstruction Finance Corporation its employees were not under the Civil Service so that the Civil Service Commission did not have any jurisdiction over the employees of the Reconstruction Finance Corporation, the adoption of the Civil Service rules and regulations being purely voluntary on the part of the Reconstruction Finance Corporation. In addition, even if the plaintiff was required to appeal to the Civil Service Commission, the dismissal of his appeal was procured by fraud on the part of the defendant's Agency Manager.

5. When the plaintiff was employed by the Reconstruction Finance Corporation in January of 1947, his efficiency rating was "very good," this being one step below "excellent" and one step above "good". The plaintiff had a "good" rating at the time he was discharged by the defendant and was entitled to a veteran's preference.

6. After the plaintiff was discharged by the defendant, at least one examiner, John Luck, who possessed practically the same

qualifications as an examiner as did plaintiff, was retained in the employment of Reconstruction Finance Corporation, and the said John Luck did not have a veteran's preference. Thereafter, while plaintiff was on furlough, the said John Luck was let out of the employ of the Reconstruction Finance Corporation, and within sixty days thereafter was re-employed. In addition, another examiner, John Bell, was retained in the employ of the Reconstruction Finance Corporation at the time the plaintiff was let out, and although he was a veteran, he was not a disabled veteran.

7. At the time of his discharge on May 23, 1947, plaintiff was entitled to receive an annual salary of $5,130.00. On November 1, 1951, the base salary for plaintiff, had he been retained in the employment, was increased to $6,940.00 per annum. After his discharge from the Reconstruction Finance Corporation, plaintiff made every reasonable effort to obtain other employment, but was unable to do so until August 1, 1950, at which time he was employed at a monthly salary of $215.00 per month, at which job he worked until April 6, 1951. From April 6, 1951, until November 19, 1951, plaintiff was employed at a salary of $3,825.00 per year, and from November 19, 1951, until July 31, 1952, plaintiff was employed at an annual salary of $3,655.00; the difference between the salary which plaintiff would have received had be been retained in the employ of the Reconstruction Finance Corporation and that which he did receive from other employment between the date of his discharge and July 31, 1952, was $21,325.82.

### Conclusions of Law

1. This court has jurisdiction of this cause, it being a suit arising under the laws of the United States and the amount in controversy, excluding interest and costs, being in excess of $3,000.00.

■ 2. The plaintiff was discharged by the Reconstruction Finance Corporation in violation of the Veterans' Preference Act· of 1944, the same being 58 Stat. 390, Ch. 207, 5 U.S.C.A. § 851 et seq., he being qualified as an examiner and being discharged at a time when other examiners, who did not have a preference as high as that of plaintiff, were retained, and plaintiff was not re-employed at a time when he was on furlough, and an examiner was re-employed who did not have a veteran's preference.

■ 3. Employees of the Reconstruction Finance Corporation were not under Civil Service so that the Civil Service Commission had no jurisdiction over them, and plaintiff did not have a right to appeal his discharge to the Civil Service Commission. Even if plaintiff did appeal and it was later dismissed, such is immaterial since the situation under which this suit is brought applies to agency and departments of the Government whether they are under Civil Service or not. If, however, it was necessary that plaintiff appeal his dismissal to the Civil Service Commission, his dismissal of his appeal is immaterial for the reason that it was procured by fraud on the part of the defendant's manager.

■ 4. Plaintiff is entitled to recover the difference in salary that he would have earned had he been retained in the employment of the Reconstruction Finance Corporation and that which he did earn after he was discharged, so that he is entitled to recover the sum of $21,325.82 against the defendant.

Judgment accordingly.