John F. WILLIAMS
v.
The UNITED STATES.
No. 22-55.

United States Court of Claims.
April 3, 1956.

Keith L. Seegmiller, Washington, D. C., for plaintiff.

Lawrence S. Smith, Washington, D. C., with whom was Warren E. Burger, Asst. Atty. Gen., for defendant.

Before JONES, Chief Judge, and LITTLETON, WHITAKER, MADDEN and LARAMORE, Judges.

MADDEN, Judge.

The plaintiff was an employee of the Reconstruction Finance Corporation, holding a position which is included in the classified civil service. On November 25, 1951, he was discharged, allegedly for cause. He asserts in his petition that his discharge was an arbitrary and capricious act, and that it was in violation of procedural provisions of the applicable statute and of regulations of the Civil Service Commission.

The plaintiff filed a suit in the United States District Court for the District of Columbia against Harry A. McDonald, Administrator, Reconstruction Finance Corporation, seeking restoration to his position, retroactive to the date of his discharge "with all rights, privileges and benefits appertaining to said position" from the date of his discharge. The District Court denied the plaintiff the relief which he sought. The Court of Appeals affirmed, Williams v. Cravens, 93 U.S.App.D.C. 380, 210 F.2d 874. The Supreme Court of the United States denied certiorari, Williams v. Robbins, 348 U.S. 819, 75 S.Ct. 30, 99 L.Ed. 646.

The Government, having recited these other court proceedings in its answer, now moves for a summary judgment, asserting that the doctrines of collateral estoppel and res adjudicata are applicable and bars to the instant case. As to res adjudicata, the Government says that

the District Court suit against McDonald, Administrator of the Reconstruction Finance Corporation, was not a suit against him as an individual, but as the official head of the corporation. This seems to be a fact, since in the Court of Appeals, Cravens was substituted for McDonald, and in the Supreme Court, Robbins for Cravens, those persons having, in the meantime, succeeded to the position of Administrator of the corporation. We think the suit was, in effect, a suit against the Reconstruction Finance Corporation.

■ The Government says that the Reconstruction Finance Corporation is in privity with the United States in such a manner that a judgment in a suit to which it is a party is *res adjudicata* of a claim against the United States on the same cause of action. We think the Supreme Court's decision in Cherry Cotton Mills, Inc., v. United States, 327 U.S. 536, 66 S.Ct. 729, 90 L.Ed. 835, and our decision in National Cored Forgings Co., Inc., v. United States, 132 F.Supp. 454, 132 Ct.Cl. 11, and the authorities cited therein, require that conclusion.

■ The question remains whether the cause of action adjudicated in the District Court case was the same as that here asserted. We have already stated what relief the plaintiff requested there. Here he asks for money, for back pay. His request for relief in the District Court, reinstatement with all the rights, etc., from the date of his discharge, included back pay. Did the District Court have jurisdiction to award him back pay, if it had concluded that his suit was meritorious?

The plaintiff invoked the jurisdiction of the District Court pursuant to 28 U.S. C. § 1331, which provides that such courts shall have jurisdiction over suits arising under the Constitution, laws, or treaties of the United States if the amount in controversy exceeds $3,000. He did not invoke the court's jurisdiction under the Tucker Act, 28 U.S.C. § 1346. He was making use of the statutory provision that the Reconstruction Finance Corporation may sue and be sued.

If he had prevailed on the merits and the question of back pay had been reached, could the court have awarded it? Title 28 U.S.C. § 1346 (1952 ed.), provides:

"(d) The district courts shall not have jurisdiction under this section of:

\* \* \* \* \* \*

"(2) Any civil action or claim to recover fees, salary, or compensation for official services of officers or employees of the United States."

The plaintiff was not suing under "this section", i. e., under the Tucker Act. He was suing a statutorily suable corporation, under the general jurisdiction of the District Court.

In Langham v. Reconstruction Finance Corporation, 107 F.Supp. 482, in the United States District Court for the Middle District of Tennessee, the plaintiff recovered a judgment for $21,325.82, the salary which he would have earned as an employee of the Reconstruction Finance Corporation, if he had not been discharged in violation of the Veterans' Preference Act, 5 U.S.C.A. § 851 et seq. The Court of Appeals for the Sixth Circuit affirmed the judgment, 208 F.2d 556. It gave full consideration to the question of jurisdiction. This is another example of the anomalous position of a corporation which is in fact an agency of the Government, but has been expressly made liable to suit as if it were an independent entity.

On the basis of the decision just referred to, the District Court could have awarded the plaintiff back pay, if it had decided that his complaint had merit. And although the court in the Langham case, supra, held that the Reconstruction Finance Corporation was not the United States, for the purposes of section 1346, we think that it is in privity with the United States, for the purposes of the doctrine of *res adjudicata*. The plain fact is that the plaintiff has had a trial of the very case which he presents to us, and, in reality against the same de-

fendant. The doctrine of *res adjudicata* requires that his petition be dismissed.

It is so ordered.

JONES, Chief Judge, and LARA-MORE, WHITAKER and LITTLETON, Judges, concur.