**Frederick J. CUTTING et al., Appellants,**

v.

**Harvey V. HIGLEY, Administrator of Veterans' Affairs, et al., Appellees.**

No. 12898.

United States Court of Appeals District of Columbia Circuit.

Argued Feb. 17, 1956.

Decided May 17, 1956.

Certiorari Denied Oct. 22, 1956.

See 77 S.Ct. 99.

Mr. Claude L. Dawson, Washington, D. C., for appellants.

Mr. Robert S. Green, Atty., Department of Justice, of the bar of the Court of Appeals of New York, pro hac vice, by special leave of Court, with whom Mr. Leo A. Rover, U. S. Atty. at the time the brief was filed, and Mr. Paul A. Sweeney, Atty., Department of Justice, were on the brief, for appellees. Mr. Lewis Carroll, Asst. U. S. Atty., also entered an appearance for appellees.

Before EDGERTON, Chief Judge, and PRETTYMAN and DANAHER, Circuit Judges.

PRETTYMAN, Circuit Judge.

Appellants were veterans' preference eligibles employed in the Regional Office of the Veterans Administration in New York. They were Claims Examiners in Grade GS–7, and their duties consisted of registering veterans for courses in educational institutions. Their positions were "desk jobs" requiring no work in the field.

In 1952 Congress passed an act[1] which, in the course of providing educational benefits for veterans, required the Veterans Administration to exercise closer supervision over schools and other

1. 66 Stat. 663, 38 U.S.C.A. § 901 et seq.

establishments participating in the program. Consequent to that act the central office of the Administration in Washington determined upon a reorganization of the regional offices to provide for compliance surveys in the field. The position of Claims Examiner was abolished. A position in Grade GS–8, called an Educational Benefits Specialist, was created. A major function of such a specialist was to make field visits to educational institutions to inspect them and verify their compliance with the act; these specialists also were to perform about half of the duties formerly performed by the claims examiners. Another new position, in Grade GS–4, was created to care for some of the remainder of the work left over from the former Claims Examiner position.

In the New York office there were thirty-six claims examiners. The new organization provided for twenty-seven educational benefits specialists. The chief officials of the office set about the problem of selecting the personnel for the new positions. The chief and the assistant chief of the division and the personnel officer of the office discussed the matter and called together the supervisors of the four regional units and the chief and assistant chief of the section in which these employees were involved. These six people examined the personnel records of the thirty-six employees, discussed their qualifications, and then balloted. The recommendations thus formulated were forwarded to the chief of the division, who made the final selection. Our appellants are among the nine former claims examiners who were not placed in the new Grade GS–8 position of Specialist. They were placed in the new GS–4 positions.

The present controversy revolves about the fact that Section 12 of the Veterans' Preference Act of 1944 [2] provides that "In any reduction in personnel in any civilian service of any Federal agency, competing employees shall be released in accordance with Civil Service Commission regulations which shall give due effect to tenure of employment, military preference, length of service, and efficiency ratings".

■ Appellants argue that the above-described events were a reduction in personnel and that therefore the selections for the new educational benefits specialists were required to be made on the basis of tenure, preference, length of service, and efficiency ratings and not upon the basis of evaluated qualifications. We cannot agree with this contention. Section 12 does not apply to promotions. The new Specialist position is notably different from the old Examiner position and requires additional aptitudes. The Commissioner of Veterans Cases was of the view that the old and new positions were in fact interchangeable. The District Court obviously rejected that view. We agree with the court. The change in position was not a mere upgrading. It was a real change in function.

■ The function of the old Claims Examiner having been abolished, every person in the grade for that position was released from that grade. There were no "competing employees" left in Grade GS–7. There being no Grade 7 positions left in existence, the rights of appellants were to be reassigned to positions for which they were eligible at an equal or lower grade. The thrust of the statute and of the regulations [3] is that no employee can be reduced in pay or grade while a competing employee with lower retention standing is retained in the same competitive level. The rationale of the statute leads to the same result. The purpose is to preserve to preference eligibles the pay and status which they have, whenever some employees at their competing level are to be released from service or reduced in rank or pay. But this purpose has no application to the selection of employees for promotion to more important duties.

---

2. 58 Stat. 390, as amended, 5 U.S.C.A. § 861.

3. 5 C.F.R. § 20.5 (Supp.1952).

The District Court rendered summary judgment for the Administrator. Its judgment will be

Affirmed.