Josephine B. LARSEN, Maybelle Rita Maloney, Frederick J. Cutting, and Martin Wagner

v.

UNITED STATES.

No. 9–58.

United States Court of Claims.
March 4, 1959.

Murray A. Gordon, New York City, for plaintiffs. Irving Feder, New York City, was on the brief.

Earl L. Huntington, with whom was George Cochran Doub, Asst. Atty. Gen., for defendant.

LARAMORE, Judge.

This is a suit by four veterans' preference eligible employees of the Veterans Administration seeking back pay on the allegation that the defendant violated their reduction-in-force preferential retention rights under section 12 of the Veterans' Preference Act, as amended, 5 U.S.C.A. § 861. Defendant has not filed an answer to the petition, but has moved the court under Rule 51, 28 U.S.C.A. for a summary judgment on the grounds that (1) section 12 of the Act, supra, does not apply to these plaintiffs and (2) that plaintiffs have already litigated this issue in a court of competent jurisdiction and under the doctrine of collateral estoppel are bound by that decision.

Defendant in its motion has attached copies of two opinions of the United States Court of Appeals for the District of Columbia Circuit (Cutting v. Higley, 98 U.S.App.D.C. 288, 235 F.2d 515, and Wagner v. Higley, 98 U.S.App.D.C. 291, 235 F.2d 518) affirming the action of the United States District Court for the District of Columbia in granting summary judgments against these plaintiffs in their actions for reinstatement. There is also attached to the motion a letter written by the Chairman of the Civil Service Board of Appeals and Review denying to plaintiffs further administrative review of their claims after the above decisions of the Court of Appeals. In defendant's reply to plaintiffs' response and objections to defendant's motion for summary judgment there are attached certified copies of the pleadings in the District Court in order to show to this court that the decisions of the Court of Appeals were based upon the very facts and issues which the plaintiffs attempt to raise by the present action. Other than the affidavits above mentioned there is nothing in the record presented by defendant which counters the facts alleged by plaintiffs' petition.

A close reading of the complaints filed in the District Court and the petition filed in this court does reveal that both actions are premised upon the same facts and issue; i. e., whether there has been a violation of the Veterans' Preference Act with respect to the treatment afforded these individuals in regard to their positions in the Veterans Administration. Plaintiff Wagner filed Civil Action 76–54 against H. V. Higley, individually and as Administrator of Veterans' Affairs and Phillip Young, Frederick Lawton and George M. Moore, individually and as Commissioners of the United States Civil Service Commission. Plaintiffs Cutting, Larsen and Maloney collectively sued these same individuals in Civil Action 5467–53. Both complaints were dismissed on summary judgment in favor of the defendants, which action was affirmed on appeal by the written opinions of the Court of Appeals, supra. Thus we are squarely faced with the question whether the plaintiffs, having once litigated the very facts and issue now in controversy in a sister court against individual officers of the Government still have standing to sue in this court. The identical issue was decided by this court in the case of Edgar v. United States, Ct.Cl., 171 F.Supp. 243, wherein the court held that the plaintiff was estopped from asserting her claim, since the same question of fact was decided adversely to her by the District Court in an action for reinstatement against the Postmaster General.

While the question of privity was present in the Edgar case and the court's opinion is silent as to this issue, we believe the resulting adverse decision against plaintiff, and the overruling of the Levy and O'Brien cases [Levy v. United States, 118 Ct.Cl. 106; O'Brien v.

United States, 124 Ct.Cl. 655], necessarily results in a holding that there is privity between the United States and its individual officers acting in their official capacities as was held by this court in Williams v. United States, 139 F.Supp. 951, 134 Ct.Cl. 763.

In the instant case plaintiffs sought reinstatement in the District Court in suits against the Administrator of Veterans' Affairs and members of the Civil Service Commission individually based upon the same facts as alleged in the present petition.

These actions resulted in a dismissal by the District Court, affirmed on appeal. In this posture the Edgar case is controlling and plaintiffs are estopped from again litigating the same facts.

Defendant's motion for summary judgment is granted, and plaintiffs' petition is dismissed.

It is so ordered.

FAHY, Circuit Judge, sitting by designation, JONES, Chief Judge, and MADDEN and WHITAKER, Judges, concur.