A. Lincoln GREEN
v.
UNITED STATES.
No. 358–58.

United States Court of Claims.
May 6, 1959.

A. Lincoln Green, pro se.

Earl L. Huntington, Arlington, Va., with whom was Asst. Atty. Gen. George Cochran Doub, for defendant. Norman Hyman, Washington, D. C., was on the brief.

LARAMORE, Judge.

Plaintiff sues for back pay alleging his discharge by the Federal National Mortgage Association was in violation of the provisions of section 14 of the Veterans' Preference Act, 5 U.S.C.A. § 863, and rules and regulations of the Civil Service Commission.

The case arises on cross motions for summary judgment and presents not only the question as to a section 14, supra, violation, but the question of jurisdiction over a suit for alleged wrongful discharge by the Federal National Mortgage Association and the further question as to whether plaintiff's action in this court is barred by *res judicata* and/or collateral estoppel by reason of plaintiff's suit in the District Court.

Because we believe the defense of estoppel is dispositive of this case, only the facts relative thereto are stated infra.

Plaintiff was discharged by the Federal National Mortgage Association on September 19, 1952. On July 1, 1955, plaintiff instituted suit in the District Court for the District of Columbia alleging wrongful discharge in violation of the Veterans' Preference Act, supra, and Civil Service Commission regulations. The District Court found for the defendant on the merits and this judgment was affirmed by the Court of Appeals for the District of Columbia. Green v. Baughman, 100 U.S.App.D.C. 187, 243 F.2d 610, certiorari denied 355 U.S. 819, 78 S.Ct. 25, 2 L.Ed.2d 35.

The Federal National Mortgage Association is a corporation created by statute, 12 U.S.C.A. § 1716 et seq., which

provides for mixed ownership of stock; i. e., its common stock is held by private individuals and institutions and its preferred stock is held by the Secretary of the Treasury.

Plaintiff contends that the suit was against J. Stanley Baughman, President of Federal National Mortgage Association in the District Court, and that the Court of Appeals found that Baughman had neither made the decision to dismiss plaintiff nor had authority to make such a decision. That the Court of Appeals determined that the decision of dismissal was made by Raymond M. Foley, Chairman of the Board. Plaintiff then argues that the Court of Appeals could not order the defendant Baughman to reinstate plaintiff nor could it order Foley to reinstate plaintiff because he (Foley) was not a party to the suit. However, this is not the way we read the Court of Appeals decision. Green, in the District Court action, invoked the jurisdiction of the District Court under 28 U.S.C. § 1331, seeking a declaratory judgment that his dismissal was illegal as in violation of section 14 of the Veterans' Preference Act and the regulations of the Civil Service Commission. In that case he sought an order directing restoration to his position. After an adverse decision in the District Court Green appealed. The Court of Appeals affirmed the action of the District Court, specifically finding against plaintiff on the merits of each contention. The court in its opinion noted that in a prior decision, Baughman v. Green, 97 U.S.App.D.C. 150, 229 F.2d 33, the court held that the charges upon which the dismissal rested were sufficiently specific. The court then proceeded to find that the dismissal action was not in violation of section 14 of the Veterans' Preference Act or the Civil Service Commission regulations, thereby answering each contention urged by plaintiff in this suit. It is not suggested in the above decision that the District Court was without authority to order restoration. In fact, the suit was directed not only against Baughman, President of the Federal National Mortgage Association, but against Philip Young, George N. Moore, Frederick Laughton, members of the United States Civil Service Commission. Certainly had the court's finding been in plaintiff's favor, an order directing restoration could have been entered, and, under proper pleadings the court could have awarded him back pay. Williams v. United States, 139 F.Supp. 951, 134 Ct.Cl. 763; Reconstruction Finance Corporation v. Langham, 6 Cir., 208 F.2d 556.

In this posture plaintiff is here faced with these facts: In the District Court action, as here, the plaintiff is the same; in each action plaintiff alleges violation of the Veterans' Preference Act and the Civil Service regulations. To prevail in the District Court it was necessary for plaintiff to prove the violations complained of. To recover here, it would be necessary for plaintiff to prove exactly the same. Thus we are the second court to which plaintiff has appealed asking for judgment that he was wrongfully discharged.

Under these circumstances, the present case falls squarely under this court's decisions that plaintiff is estopped from again litigating the same issue. Larsen v. United States, Ct.Cl.1959, 170 F.Supp. 806; Edgar v. United States, Ct.Cl.1959, 171 F.Supp. 243. This is, of course, assuming as we must from the pleadings, that the Federal National Mortgage Association is to be treated as an agent of or in privity with the United States. Therefore, a suit against Baughman, President of the Federal National Mortgage Association, and the members of the United States Civil Service Commission for restoration is a suit against the United States, Williams v. United States, supra, and plaintiff may not again litigate an issue previously determined by a court of competent jurisdiction. If it is not the alter ego of the United States, then a suit does not lie against the United States, but only against the Federal National Mortgage Association. In either event plaintiff's petition must be dismissed.

Defendant's motion for summary judgment is granted, plaintiff's cross-motion for summary judgment is denied, and the petition is dismissed.

It is so ordered.

BRYAN, District Judge, sitting by designation, JONES, Chief Judge, and MADDEN and WHITAKER, Judges, concur.