Whitaker, Judge,
delivered the opinion of the court:
Defendant moves to dismiss plaintiff’s petition on the ground that plaintiff is estopped from seeking relief in this court because of the judgment of the United States District Court, affirmed on appeal by the Court of Appeals for the District of Columbia Circuit.
Plaintiff in this court sues for his salary, of which he alleges he has been illegally deprived because he was removed from his position as an attorney in the Department of Justice, without compliance with the required procedure and for causes other than the good of the service. In the District Court he sought restoration to the position from which he had been discharged.
Plaintiff’s petition in the District Court was dismissed on a motion for summary judgment. The District Court did not give its reasons for granting the motion. On appeal to the United States Court of Appeals for the District of Columbia Circuit, the Court of Appeals entered a per cwriam opinion reading as follows:
Appellant’s dismissal from a position in the Department of Justice was sustained by the Civil Service Commission’s Board of Appeals and Review on March 4, *3 1955. On June 29,1955, the Commission declined to reopen the matter. On March 27, 1958, appellant filed a complaint “for illegal separation from government service.” The District Court granted appellee’s motion for summary judgment. The claim was barred by laches. We need not consider appellee’s other contentions. [269 F. 2d 227]
Defendant pleads estoppel by judgment, relying on the decisions of this court in Edgar v. United States, 145 C. Cls. 9; Larsen v. United States, 145 C. Cls. 178; and Green v. United States, 145 C. Cls. 628. There is, however, a substantial difference between those cases and this one. In both Larsen and Green the District Court and the Court of Appeals for the District of Columbia decided the controversy on the merits. In Edgar, the District Court decided that that plaintiff’s suit was barred because she failed to exhaust her administrative remedy. Since this is an absolute legal defense, plaintiff was barred from relitigation in this court. In the instant case, however, the merits of the controversy were never reached, nor was a legal defense raised as a bar. The District Court and the Court of Appeals precluded plaintiff’s right to enforce its remedy in their forum on the sole ground of laches.
Laches is an equitable defense, and in its operation it fulfills the same function as the statute of limitations at law. However, laches, unlike the statute of limitations, is a flexible concept based on fairness and applied in the discretion of the court. The cause of the delay, the hardship to the defendant, the nature of the relief, and other factors must all be considered in determining its application.
The determining factors in this court are different from what they were in the District Court. There the suit was for restoration to his position, and the suit here is only for the salary of his position. The hardship on defendant from a tardy assertion of a claim might be much greater in one case than in the other. Plaintiff waited about three and one-half years to bring his suit in the District Court for restoration to his position. In the meantime, no doubt, another attorney had been appointed in his place and had a number of cases on which he was working. Were plaintiff restored and the substitute attorney displaced, defendant would lose the *4 value of all the accumulated work the substitute attorney had done on these cases, and plaintiff would have to take them up more or less from the beginning. His restoration after so long a lapse of time would be disruptive of the Government service. In a suit for salary in this court the only hardship on defendant is the payment of two salaries for one job. This is a hardship, too, but it is not the same problem as the one confronting the District Court.
Since the policy considerations for the application of laches differ in this suit from those in the former action, we are not estopped by the judgment of the Court of Appeals from considering the question of whether the doctrine of laches should be applied in this suit. Congress has specifically provided a six-year statute of limitations for claims asserted fin this court. Ordinarily a claimant has the full statutory period. It is only where some great injustice would be done the defendant by so long a delay by the claimant that the doctrine of laches should be set up to defeat consideration of the claim on the merits. The equities on both sides should be carefully weighed, and it should be clear that they weigh heavily on the side of the defendant before the court refuses to hear a case because of a delay of less than the statutory period. How the equities are to be balanced in one case is but little guide in another case. Each case must be considered in the light of its own facts and in the light of the relief sought.
Defendant’s motion to dismiss the petition is overruled.
It is so ordered.
Littleton, Judge {Bet.); Laramoee, Judge; Madden, Judge, and Jones, Chief Judge, concur.