Laramoee, Judge,
delivered the opinion of the court:
Plaintiff, a former attorney in the Department of Justice, sues for back pay on account of his allegedly wrongful discharge.
The case arises on cross-motions for summary judgment and presents the question as to whether plaintiff’s claim is barred in this court by the doctrine of collateral estoppel.
Defendant contends that all the issues and facts necessary to a recovery here were present and decided by the District Court and affirmed on appeal.
Plaintiff contends that his dismissal was the result of an arbitrary act on the part of agency officials and an erroneous and arbitrary decision of the Civil Service Commission and that the decision of the District Court and the Court of Appeals was wrong and did not reach the merits of his case. Consequently, he argues that he is not bound by such decision.
The facts are these: Plaintiff was discharged from his position as an attorney in the Department of Justice on the ground that he had failed to perform his duties in a satisfactory manner. He appealed the Department’s action to the Civil Service Commission. After a hearing which included oral testimony and exhibits offered by both sides, the Commission’s appeals examining officer sustained plaintiff’s dismissal, finding no procedural error and finding in addition that all charges preferred against plaintiff were sustained with one minor exception.
Plaintiff appealed to the Board of Appeals and Review, and on July 16, 1954, plaintiff’s dismissal was sustained by that Board.
Application was made to the Civil Service Commission to reopen the case. As a result thereof the Commissioners reopened the case and both sides were permitted to present their final contentions to the Commissioners. Additional arguments were made and affidavits were submitted by the Department of Justice.
On January 13, 1956, the Civil Service Commission sustained the removal, finding that the preponderance of the evidence supported the agency action and that the removal *401 was proper and warranted and for such cause as would promote the efficiency of the service.
Plaintiff then filed suit in the District Court for the District of Columbia asking that he be reinstated. The District Court in an opinion granting defendant’s motion for summary judgment held that not only had all procedural requirements been met but that the removal was based solely upon the charges set forth in the notice of removal action and that there was nothing illegal or improper in effecting plaintiff’s removal.
Plaintiff appealed and the Court of Appeals for the District of Columbia affirmed, holding that plaintiff was not entitled to the protection of the Veterans’ Preference Act, 58 Stat. 387, 390, and that his removal was accomplished in a “basically fair manner.” McGinty v. Brownell, 249 F. 2d 124.
Plaintiff petitioned for certiorari in the U.S. Supreme Court, urging most of the contentions raised at the Civil Service hearing, together with the further contention that he was denied a hearing with the Assistant Attorney General, and that the Department of Justice having selected the Veterans’ Preference Act as the means of 'his removal, it must follow the procedures therein even though the Court of Appeals had ruled that he was not entitled to this protection. Certiorari was denied May 5,1958, 356 U.S. 952.
On September 10, 1959, plaintiff filed in the Court of Appeals a “Motion for Leave to File Second Petition for Eehearing Time Having Expired.” This motion raised the question as to whether the Supreme Court decision in Vitarelli v. Seaton, 359 U.S. 535, had overruled the Court of Appeals’ decision in his case. The Court of Appeals overruled this motion on September 23, 1959.
Thereafter, plaintiff filed a motion for leave to file a petition for rehearing in the Supreme Court. The petition accompanying the motion raised the VitareTli question in addition to the questions previously raised. This motion was denied on November 23,1959.
This suit was then filed in this court wherein plaintiff raises the question as to his veteran’s preference protection and other contentions which he alleges made the removal *402 action illegal. He now says that the “unanimous vote of the three Commissioners ordering plaintiff reinstated, decreeing ‘that on the facts of this case the removal action of the Department was not justified,’ coupled with ‘interference’ by agency officials with the Commission’s deliberations — by telephone and letter, resulting in the filing of a new and totally different set of charges two and one-half (2%) years subsequent to dismissal — causing a reversal of the Commission’s unanimous decision,” constitutes arbitrary and capricious conduct on the part of the agency and Commission officials and a violation of the Veterans’ Preference Act, supra, such as to entitle plaintiff to back pay for such unlawful separation.
Thus we reach the narrow question as to whether the issues presented and decided by the District Court and later affirmed on appeal were substantially the same as those presented here. If so, the plaintiff would now be collaterally estopped from again relitigating the same issue. The answer to this question must necessarily come from a comparison of the reasons assigned for recovery in the District Court and the reasons assigned for recovery in this court.
To arrive at plaintiff’s allegations in the District we quote from page 32 of plaintiff’s brief:
Plaintiff filed his complaint in District Court March 7, 1956, alleging violations of the Veterans’ Preference Act, and, inter alia, was entitled to the full notice provisions or the Act, to be served with “Any” and “All” charges by the agency and to be given a chance to refute same “personally and in writing”, — all of which had been denied him; that he had been wrongfully discharged, in that, among other things, the dismissal letter contained no “reasons” as the Act requires; that, contrary to statute — and in violation of his judicially-defined rights, new charges were permitted against him some 2y2 years subsequent to separation, causing, surreptitiously, the Commissioners’ unanimous decision in his favor to be vacated in violation of procedural due process of law in the premises and in abrogation of his rights.
Plaintiff then argues that the District Court failed to consider plaintiff’s argument relative to “(1) lack of reasons *403 in the dismissal letter, or (2) the filing of a second set of unserved charges years after dismissal * *
Plaintiff’s allegations here are, of course, a matter of record. Plis petition, 10 pages long, contains many allegations but boils down to this — (1) the Civil Service Commission is the only agency legally qualified to pass on the question of plaintiff’s rights as a veteran, (2) that he was not given veterans’ preference rights, (3) he was not given a statement of reasons in his dismissal letter, and (4) the conduct of the three Civil Service Commissioners was unjustified and prompted by some sort of chicanery on the part of the Department of Justice. A sum of all this, plaintiff says, shows that the removal action was arbitrary and capricious and the Civil Service decision was unlawful and wrong.
What then is the difference between the allegations and issues in the two actions? We can find substantially none. To prevail in the District Court plaintiff was obliged to prove all of the allegations which are present in the case at bar. The District Court found against plaintiff on each issue. Having chosen that forum plaintiff cannot now come into another court and retry the same issue. Edgar v. United States, 145 Ct. Cl. 9; Larsen v. United States, 145 Ct. Cl. 178; Green v. United States, 145 Ct. Cl. 628.
Furthermore, substantially the same questions were presented on appeal to the Court of Appeals and further urged in plaintiff’s petition for certiorari in the Supreme Court.
The Court of Appeals found plaintiff not entitled to the protection of the Veterans’ Preference Act or the Lloyd-La Follette Act and that plaintiff’s discharge was effected in a basically fair manner.
In other words, for plaintiff to win here, this court would be obliged to overturn the decision of the District Court and the Court of Appeals. We would have to say that plaintiff is entitled to the protection of the Veterans’ Preference Act and that his dismissal was effected in a wrongful manner; i.e., arbitrary and capricious. This we cannot do. The decisions adverse to plaintiff are binding and conclusive as to the issues raised, and since we are of the opinion that both issues are basically the same, collateral estoppel would apply *404 unless there is some intervening change in the law. Commissioner v. Simnen, 333 U.S. 591.
In respect to the above, plaintiff contends that the Supreme Court’s decision in Vitarelli, supra, is a change in the law. However, this same argument was presented to the Court of Appeals and rejected. Furthermore, we believe, as apparently the Court of Appeals believed, that the Vitarelli decision has no application.
Plaintiff’s argument in this respect is that once the Department of Justice initiated proceedings against him in conformity with the terms of the Veterans’ Preference Act, under the Vitarelli holding, he was entitled to be discharged in conformity with that act. However, the Vitarelli decision merely holds that where an agency promulgates regulations for the discharge of an employee and begins proceedings to discharge under these regulations, the agency must comply with the regulations.
There were, however, no agency regulations not complied with. He was discharged, as found by the Civil Service Commission and the District Court, for reasons that would promote the efficiency of the service and was dismissed pursuant to the regulations of the Civil Service Commission. Both the District Court and the Civil Service Commission found that all procedural requirements had been met. The Civil Service Commission, the District Court, and the Court of Appeals found that plaintiff was dismissed in a fair manner.
Furthermore, plaintiff would only be entitled to advance notice and opportunity to reply personally and in writing under the provisions of the Veterans’ Preference Act, supra. The Court of Appeals ruled he was not entitled to this protection and again he is bound by that decision. If this plaintiff had not been a party to the District Court case, he could urge that the Court of Appeals was wrong and ask us to so rule. However, where the parties and the facts in issue are the same, the Court of Appeals’ decision is binding and conclusive. As stated in the case of Commissioner v. Simnen, supra, “once a party has fought out a matter in litigation with the other party he cannot later renew that duel.”
*405 Defendant urges that in any event plaintiff was given all rights and privileges granted by the Veterans’ Preference Act. We are compelled to agree with this contention. The only procedure that may not have been complied with was the granting of an opportunity to be heard “personally.” In this respect, however, the record fails to disclose that plaintiff ever demanded such a hearing, and having failed to do so, he effectively waived this right. Hart v. United States, 148 Ct. Cl. 10. Here again, however, this contention was urged in the other courts and decided adversely to plaintiff.
In summary, all the issues raised in this suit were litigated in the District Court and the Court of Appeals, and plaintiff is estopped from again renewing the “duel.” Furthermore, we conclude that he was given the rights guaranteed a veteran under the Veterans’ Preference Act, supra, and his discharge was effected in a basically fair manner.
Consequently, defendant’s motion for summary judgment is granted, and plaintiff’s cross-motion is denied. The petition will be dismissed.
It is so ordered.
Durfee, Judge; Madden, Judge; Whitaker, Judge; and J ones, Chief Judge, concur.