Madden, Judge,
concurring in the result:
I agree that the plaintiff is not entitled to recover, but I would decide the case on the sole ground of collateral estoppel.
The plaintiff brought a suit against the Secretary of the Interior and other officials of that department in the United States District Court for the District of Columbia asking for declaratory relief. The relief sought included a declaration that the plaintiff was entitled to the benefits of section 12 of the Veterans Preference Act, and an order that the officials of the department “rescind the plaintiff’s demotion * * * and * * * restore [him] to the grade and pay to which he would have been and would now be entitled if he had not been so demoted.”
The District Court struck the language above quoted, from the order proposed by the plaintiff to the court. The judgment as entered said that section 12 was applicable to the plaintiff’s demotion, and ordered that the officials of the department take “appropriate administrative action consistent with this judgment.” The court dismissed the plaintiff’s claim respecting the rate of compensation to which he claimed to be entitled.
The plaintiff appealed to the United States Court of Appeals for the District of Columbia. That court, 265 F. 2d 363, affirmed the judgment of the District Court, interpreting that judgment as requiring the officials of the Department of the Interior to determine the status of the plaintiff as of March 11, 1956, the date of his demotion, and accord to the plaintiff his veterans’ preference rights in accordance with that status so determined.
The department officials did what the court ordered them to do, and the result was that if the department had, at the *73 time of the plaintiff’s demotion, followed the procedures prescribed by section 12 of the Veterans Preference Act, the plaintiff’s demotion would still have been proper.
The plaintiff asked the courts of the District of Columbia to decide that he was entitled to retain his former grade and salary imtil the department had taken the steps prescribed by the Veterans Preference Act to accomplish his demotion. The courts declined to so decide. On the contrary, the Court of Appeals decided that the plaintiff was entitled to the status which he would have had if the prescribed steps had been taken. A reconstruction mmc pro timo, of the situation as of the time of the demotion, showed that if the prescribed steps had been taken, the plaintiff would still have been demoted.
What the plaintiff asks this court to do is what he asked the courts of the District of Columbia to do. Those courts refused to do what the plaintiff asked. On the contrary, they ordered the department to do what it thereupon did, which turned out to be of no benefit to the plaintiff.
The right which the plaintiff here asserts was litigated in the courts of the District of Columbia, and they decided against him. He is barred by the doctrine of collateral estoppel from relitigating the question here. Edgar v. United States, 145 Ct. Cl. 9; Green v. United States, 145 Ct. Cl. 628.
My reason for placing the instant decision solely upon the collateral estoppel ground is that the question of whether or when an agency of the Government can remedy a procedural defect by action mmo pro tnmc is a difficult one, and its resolution in a particular case ought not to be undertaken when, regardless of how it is resolved, the outcome of the case will not be affected. In some of our cases, the departure from procedural requirements has been slight, but we have held that the departure was sufficient to nullify the attempted discharge or other adverse action. See, e.g. Stringer v. United States, 117 Ct. Cl. 30. I think the instant case may be distinguishable from our prior decisions in this regard, but I would not assume, unnecessarily, the task of making the distinction.