The defendant has moved to dismiss this breach of contract suit on the grounds of res judicata and collateral estoppel. It contends — and we agree — that all the material issues of fact and law raised in this suit were litigated and determined adversely to the plaintiffs in a prior and nearly identical suit for injunctive relief they filed in the United States District Court. We therefore grant the government’s motion on collateral estoppel grounds.
I.
A. In 1967, the plaintiffs entered into a 25-year lease of a tract of land in the U. S. Army Corps of Engineers’ Shenango River Reservoir Project in Pennsylvania for the purpose, among others, of operating commercial marina facilities. The lease provided that "all rates and prices charged by the lessee for accommodations . . . and services furnished or sold to the public shall be subject to regulations and the prior approval of [the Corps of Engineers’] District Engineer . . . ,” On March 15, 1978, the plaintiffs submitted to the District Engineer a notice of proposed increased dock rental rates for the upcoming 1978 recreation season. On March 17, the District Engineer notified the plaintiffs that he would not approve the increased rates and, on April 21, notified them of the range of rates he would accept.
The plaintiffs allege that the District Engineer’s rejection of the proposed increase in his determination of appropriate rental rates was "arbitrary and capricious” and "failed to *592 comply” with a condition of the lease that required the District Engineer to take into account certain factors in judging the reasonableness of the plaintiffs’ proposed rates. The plaintiffs disregarded the District Engineer’s action and charged their customers the rates they had originally proposed. On the basis of this conduct, the District Engineer determined that the plaintiffs had violated the lease and, as a result, on December 15, 1978, he notified the plaintiffs that he was revoking their lease. The plaintiffs assert that "[t]his revocation was not justified, since it was based on the Corps of Engineers’ earlier arbitrary and capricious decision to reject the Plaintiffs’ proposed rate increase.” In this suit, the plaintiffs seek damages for this allegedly wrongful termination.
B. In May 1978, 7 months before they received notice of termination from the District Engineer, the plaintiffs filed suit against the District Engineer in the United States District Court for the Western District of Pennsylvania. Complaint, Costar v. Janairo, No. 78-491 (W.D. Pa. filed May 4, 1978). Their complaint sought, inter alia, a declaration "that the rates proposed by plaintiffs for the 1978 season are reasonable” and proper under the lease, and an injunction against the defendant "from taking any action to terminate the plaintiffs’ lease” and directing the defendant "to approve the rates and prices proposed by the plaintiffs for the 1978 recreation season.” The defendant counterclaimed, alleging intentional breach of the lease provision requiring approval of rates and requesting, inter alia, an injunction preventing the plaintiffs from charging any dock rates not previously approved by the District Engineer. Complaint, Janairo v. Costar, No. 78-726 (W.D. Pa. filed June 30, 1978).
After a hearing, the district court issued an opinion and two orders granting the defendant’s motion for a preliminary injunction and denying the plaintiffs’ motion. Costar v. Janairo, Nos. 78-491, 78-726 (W.D. Pa. May 2, 1979) (opinion, and order in 78-726 granting preliminary injunction to defendant); id., No. 78-491 (May 3, 1979) (order denying preliminary injunction to plaintiffs). In its opinion, the district court held that "[t]he Corps of Engineers properly set, after consideration of rates and prices charged *593 at all surrounding facilities, the allowable range of rates that the [plaintiffs] may charge,” Costar v. Janairo, Nos. 78-491, 78-726, slip op. at 8 (W.D. Pa. May 2, 1979), and that the plaintiffs’ "unilateral action in raising the marina rates in 1978 and their subsequent refusal to adhere to the rates approved by the Corps of Engineers violates a specific provision ... of their lease.” Id., slip op. at 7-8. The court preliminarily enjoined the plaintiffs "from charging any dock rental rates not previously approved by the United States Corps of Engineers” and directed them to refund all dock rentals obtained without such prior approval. Id., slip op. at 9.
Plaintiffs appealed to the United States Court of Appeals for the Third Circuit. That court dismissed as moot the appeals from the orders denying the preliminary injunction and requiring the plaintiffs’ future adherence to the approved rates, since the plaintiffs had voluntarily sold their marina assets. The court affirmed the refund order. Costar v. Janairo, No. 79-1910 (3d Cir. Feb. 20, 1980).
Thereafter, the district court converted its earlier opinion and order granting preliminary injunctive relief into "the permanent injunction order of this Court,” and required the plaintiffs to make their refunds required by the preliminary injunction within 20 days. Costar v. Janairo, Nos. 78-491, 78-726, slip op. at 2 (W.D. Pa. May 27, 1980). The plaintiffs have docketed an appeal from this judgment in the court of appeals. Costar v. Janairo, No. 80-1960 (3d Cir. docketed June 27, 1980).
n.
The adjudication in Costar v. Janairo, supra, estops the plaintiffs from litigating further the issues decided therein, including the determinations that the District Engineer properly had rejected the plaintiffs’ proposed 1978 rates and that the plaintiffs had violated their lease by charging higher rates that the District Engineer had not approved.
The essential requirements for the application of collateral estoppel are summarized in Restatement (Second) of Judgments § 68 (Tent. Draft No. 4, 1977):
*594 When an issue of fact or law is actually litigated and determined by a valid and final judgment, and the determination is essential to the judgment, the determination is conclusive in a subsequent action between the parties, whether on the same or a different claim.
See Red Lake Band v. United States, 221 Ct. Cl. 325, 607 F.2d 930, 934 (1979). See also Parklane Hosiery Co. v. Shore, 439 U.S. 322, 326 n.5 (1979). Each of these elements has been satisfied in this case.
The opinion and pleadings in the Janairo case show that the issues decided therein were actually litigated, the plaintiffs fully contesting their outcome. Compare Red Lake Band, supra (stipulated findings). The parties and the district court recognized that the issues the court determined were essential to the judgment. The court converted its findings and opinion on the preliminary injunction into its final decision.
Despite the plaintiffs’ appeal to the Court of Appeals from the permanent injunction, that order is a "final judgment” for purposes of collateral estoppel. The general federal rule is that for those purposes the pendency of an appeal does not suspend the operation of an otherwise final judgment. Taunton Gardens Co. v. Hills, 557 F.2d 877, 879 n.2 (1st Cir. 1977); Kurek v. Pleasure Driveway and Park District of Peoria, Illinois, 557 F.2d 580, 595 (7th Cir. 1977), vacated on other grounds, 435 U.S. 992 (1978); Nixon v. Richey, 513 F.2d 430, 438 n.75 (D.C. Cir. 1975); see 1B Moore’s Federal Practice ¶ 0.416[3], at 225 (2d ed. 1980). Although there may be situations in which it would be appropriate to withhold action until the Court of Appeals has acted, this is not such a case.
The fact that the defendant in Janairo was the District Engineer and here it is the United States does not call for a different conclusion. Although at one time "mutuality of parties” was required before collateral estoppel was applicable, in Blonder-Tongue Laboratories, Inc. v. University of Illinois Foundation, 402 U.S. 313 (1971), the Supreme Court rejected that principle and held in a patent infringement suit that collateral estoppel barred a plaintiff from asserting a claim that the plaintiff had already litigated and lost against another defendant, when that plaintiff already had *595 "one full and fair opportunity for judicial resolution of the same issue.” Id. at 328. In Parklane Hosiery Co. v. Shore, 439 U.S. 322 (1979), the Court approved the "broader” principle decided by that ruling in holding that collateral estoppel could preclude "a defendant from relitigating the issues which the defendant previously litigated and lost against another plaintiff.” Id. at 328, 329. The case before us poses no possibility of unfairness to the plaintiff or unjust reward to the defendant that might justify reluctance to abandon mutuality here. See Parklane Hosiery, supra, at 331-32.
Moreover, the mutuality rule itself would not have applied in a case such as this, where the defendant in the earlier case (the District Engineer) was an employee of the United States, the alleged liability of which in the present case is based upon the actions of that official. Williams v. United States, 134 Ct. Cl. 763, 139 F. Supp. 951 (1956).
III.
All the issues of fact and law which are the foundation of plaintiffs’ petition in this court were determined against plaintiffs in Costar v. Janairo, supra. Those determinations are conclusive in this action. Accordingly, the government’s motion for summary judgment is granted, and the petition is dismissed.