This is a suit for breach of an alleged oral agreement plaintiffs say they (or their privies) had with the United States. Plaintiffs (and those they represent) held 80 percent of the stock of Auto Vac Company, Inc. (Auto Vac). The petition alleges that plaintiffs entered into an agreement with one Glenn Peninger (misspelled "Penninger” in the petition), an employee of the Small Business Administration (sba), to assign the government’s security interest in Auto Vac to Columbus Developers, Inc., another corporation owned by plaintiffs, in return for a cashier’s check to SBA for $60,409.07. It is also asserted that a comparable agreement was entered into by plaintiffs with Advancement, Inc., another holder of a security interest in Auto Vac. The gravamen of the petition is that Peninger, acting for the United States through sba, wrongfully refused to perform the agreement and also induced Advancement, Inc., to break its agreement. The sba then sold Auto Vac’s property on foreclosure. Plaintiffs sue for damages.
Defendant moves to dismiss on two alternative grounds: (a) this suit is barred by 28 U.S.C. §1500 because plaintiff also brought suit against Peninger, and (b) the suit is barred by the prior adjudications in the action against Peninger. *802 The background of both defenses is that plaintiffs sued Peninger in federal district court which held that he had not acted unreasonably or unlawfully in handling plaintiffs’ loan for the sba. The Fourth Circuit affirmed, 624 F.2d 486 (1980), and certiorari was denied in January 1981, 449 U.S. 1078.
We do not reach the defense based solely on 28 U.S.C. §1500 because we uphold the alternative defense of former adjudication. The issues raised in the prior suit against Peninger included all those now presented in the current suit against the United States. The Fourth Circuit decided those very questions against plaintiff. Most importantly, that court held that (a) Peninger had no authority to make the alleged contract on behalf of the sba (624 F.2d at 489); (b) it was not unreasonable for the sba to refuse to sell to plaintiffs (624 F.2d at 489); (c) the record did not show that Peninger or sba sought to induce Advancement to breach its contract (624 F.2d at 489-494)[1]; and (d) plaintiffs had no constitutional claim for an alleged taking of their property (624 F.2d at 490). Those rulings in the suit against Peninger bar plaintiffs’ present claim against the United States, under the doctrine of claim preclusion or that of issue preclusion. See, e.g., Oglethorpe v. United States, 214 Ct. Cl. 551, 557, 558 F.2d 590, 594 (1977); Larsen v. United States, 145 Ct. Cl. 178, 180, 170 F. Supp. 826 (1959). There is no reason why plaintiffs should have a second chance to litigate precisely the same questions.[2]
The government’s action to dismiss is granted (without oral argument) and the petition is dismissed.

 In any event, this claim would be for a tort beyond this court’s jurisdiction.

 Plaintiffs now say that in the earlier suit they claimed that Peninger was acting wholly outside his authority but the Fourth Circuit held that "the allegations make clear that Peninger was regarded throughout by the plaintiffs as acting for the government, not in his private behalf.” 624 F.2d at 488.