**Priscilla P. EDGAR**

v.

**UNITED STATES.**

No. 197–57.

United States Court of Claims.

Feb. 11, 1959.

George C. Pendleton, Washington, D. C., for plaintiff.

Arthur E. Fay, Washington, D. C., with whom was Asst. Atty. Gen. George Cochran Doub, for defendant.

WHITAKER, Judge.

Plaintiff alleges that on August 9, 1954, she was served with notice of her proposed separation from her position as Postmaster at Langston, Oklahoma, and that on November 1, 1954, she received a memorandum from the Assistant Postmaster General stating, "It has been decided that the charges have been sustained. Therefore, you will be removed as Postmaster at an early date"; and that her successor took physical possession of her office on or about January 1, 1955. She alleges that she has been deprived of her rights under 5 U.S.C.A. § 652, and the Civil Service Regulations, in that charges 1, 2, 3, 6, 7 and 8 lack the requisite specificity, and that the memorandum of dismissal did not contain the reasons for the action nor the effective date thereof.

She further alleges that on January 22, 1955, she appealed to the Eighth Regional Office of the United States Civil Service Commission, but that her appeal was denied on March 11, 1955, on the ground that it was not filed within ten days, and on appeal to the Civil Service Commission the action of the Regional Office was affirmed.

Plaintiff on March 7, 1956, filed a complaint in the United States District Court for the District of Columbia against the Postmaster General and the members of the Civil Service Commission asking for a declaratory judgment holding that she had been wrongfully dismissed, as she alleges. Her petition was dismissed on motion for summary judgment, on the ground that she had failed to exhaust her administrative remedy.

In her petition in this court she asks us to hold that she had been wrongfully dismissed and to give her a judgment for the salary of which she alleges she has been illegally deprived. Thus, we are the second court to which she has appealed asking for a judgment holding that she had been wrongfully discharged.

As it did in the district court, defendant interposes the defense that plaintiff failed to exhaust her administrative remedy. Defendant says further that the district court has already determined that she did fail to exhaust her administrative remedy, and that that fact is not now open to question in this court.

The question presented, then, is whether the plaintiff is estopped in this court by the judgment of the district court to deny that she failed to exhaust her administrative remedy, and that such failure deprives her of the right to seek redress in the courts.

In two previous cases in this court we have held that a judgment of a district court on the question of whether an employee had been wrongfully discharged was not conclusive in a suit in this court, inasmuch as the relief sought in the two courts was not the same, although the basis of the action was the same in both suits; O'Brien v. United States, 124 Ct. Cl. 655, and Levy v. United States, 118 Ct.Cl. 106.

■ In this case, however, we are of opinion that she is estopped by the decision of the district court. She cannot secure a money judgment from us unless we hold, contrary to the holding of the district court, that she did exhaust her administrative remedy or that she is excused for some reason for not having done so. Since the question has been decided adversely to her by a court of competent jurisdiction, a forum selected by her, public policy precludes her from relitigating the same question here. She has already had her day in court. Defendant is entitled to be protected from the harassment of having to defend a question already decided by a court of competent jurisdiction. Dignity and respect for judicial proceedings require it; tranquility and repose, an end to strife, demand it; the interest of other litigants seeking to be heard necessitates it.

This is a rule prevailing in all civilized countries; it is ingrained in our own jurisdiction from the beginning of our government. The rule is discussed at length by the Supreme Court in the case of Southern Pacific Railroad Co. v. United States, 168 U.S. 1, 48–52, 18 S.Ct. 18, 27, 42 L.Ed. 355. There the Court said:

"The general principle announced in numerous cases is that a right, question or fact distinctly put in issue and directly determined by a court of competent jurisdiction, as a ground of recovery, cannot be disputed in a subsequent suit between the same parties or their privies; and, even if the second suit is for a different cause of action, the right, question, or fact once so determined must, as between the same parties or their privies, be taken as conclusively established, so long as the judgment in the first suit remains unmodified. This general rule is demanded by the very object for which civil courts have been established, which is to secure the peace and repose of society by the settlement of matters capable of judicial determination. Its enforcement is essential to the maintenance of social order; for the aid of judicial tribunals would not be invoked for the vindication of rights of person and property if, as between parties and their privies, conclusiveness did not attend the judgments of such tribunals in respect of all matters properly put in issue, and actually determined by them."

This case has been cited many times, most recently by the Supreme Court in United States v. Munsingwear, Inc., 340 U.S. 36, 71 S.Ct. 104, 95 L.Ed. 36, which quoted the first sentence in the quotation set out above.

It is said, however, that the case at bar comes within the modification of the general rule set out in section 71 of the Restatement of the Law on Judgments. The Restatement, in section 68, recognizes the conclusiveness of determinations of fact in prior litigation. This section reads:

§ 68. *Questions of Fact.*

(1) Where a question of fact essential to the judgment is actually litigated and determined by a valid and final judgment, the determination is conclusive between the parties in a subsequent action on a different cause of action, except as stated in §§ 69, 71 and 72.

In section 71 it is said:

"§ 71. Where original court had no jurisdiction directly to determine a matter.

"Where a court has incidentally determined a matter which it would have had no jurisdiction to determine in an action brought directly to determine it, the judgment is not conclusive in a subsequent action brought to determine the matter directly."

The reason for this rule is thus stated:

"a. *Rationale.* A court may have jurisdiction to render a valid judgment, although, in order to render it, it is necessary to determine a matter which the court would not have had jurisdiction to determine if the action had been brought directly for the determination of the matter. In such a case the court may determine the matter, but only incidentally, for the purpose of deciding the case before it. The judgment rendered by the court will not be conclusive between the parties in a later suit brought by one of them against the other for the purpose of determining the matter directly in a court which has jurisdiction to determine it directly."

Four illustrations of the rule are given: first, title to land in another state; second, suits in state and federal courts; third, suits in courts of limited jurisdiction; and, fourth, matters affecting status. The case at bar is said to come within the third illustration, that of courts of limited jurisdiction, because the district court had no jurisdiction to render a judgment for the compensation she seeks in this court.

This does not seem to have any application here. All Federal courts are courts of limited jurisdiction. The mere fact that the court that first decides the issue or determines a fact is one of limited jurisdiction does not bring the case within the rule stated in section 71. It only brings it within the rule if the second court has exclusive jurisdiction to decide the issue or determine the fact.

The rule says only that a court vested with exclusive jurisdiction to decide an issue is not precluded from deciding it, although it had been previously decided by another court as an incidental fact necessary to be determined in order to decide an issue within its jurisdiction. Becher v. Contoure Laboratories, Inc., 279 U.S. 388, 49 S.Ct. 356, 73 L.Ed. 752; Lyons v. Westinghouse Electric Corp., 2 Cir., 222 F.2d 184.

In the instant case there can be no assertion that the district court was without jurisdiction to finally determine whether plaintiff had exhausted her administrative remedy. This was a valid defense to plaintiff's suit in the district court questioning the propriety of assumption of jurisdiction by the court to determine whether her removal was illegal, which that court of course had jurisdiction to decide. Certainly exclusive jurisdiction to make such a determination has not been vested in this court.

■ The only distinction between the jurisdiction of the district court and of our court in suits by Government employees complaining of their discharge is the nature of the relief which can be granted. The district court may only grant a mandamus, and this court may only grant monetary damages. However, to grant either, each court must decide the identical issue of the illegality of plaintiff's discharge, or, if raised, the question of plaintiff's failure to exhaust her administrative remedy.

It follows, therefore, that this case does not come within section 71 of the Restatement of the Law on Judgments, but rather within the rule as stated in Myers v. International Trust Co., 263 U.S. 64, 44 S.Ct. 86, 87, 68 L.Ed. 165. That case was an action in the Superior Court of Massachusetts by the International Trust Company brought against Samuel A. and Harry Myers for damages for deceit on the ground that defendants had obtained credit from the Trust Company by a false statement of their financial condition. The defendants pleaded *res adjudicata,* because of a decree of the

United States District Court for Massachusetts in bankruptcy, where the fact of falsity as to the statement had previously been determined in the defendants' favor. The Massachusetts court held that the bankrupt proceedings were not *res adjudicata,* since the cause of action asserted in the Massachusetts court was not the same as that asserted in the bankruptcy court. On review, the Supreme Court quoted at some length from Cromwell v. Sac County, 94 U.S. 351, 24 L.Ed. 195, as follows:

"In considering the operation of this judgment, it should be borne in mind, as stated by counsel, that there is a difference between the effect of a judgment as a bar or estoppel against the prosecution of a second action upon the same claim or demand, and its effect as an estoppel in another action between the same parties upon a different claim or cause of action. In the former case, the judgment, if rendered upon the merits, constitutes an absolute bar to a subsequent action. It is a finality as to the claim or demand in controversy, concluding parties and those in privity with them, not only as to every matter which was offered and received to sustain or defeat the claim or demand, but as to any other admissible matter which might have been offered for that purpose * *.

"But where the second action between the same parties is upon a different claim or demand, the judgment in the prior action operates as an estoppel only as to those matters in issue or points controverted, upon the determination of which the finding or verdict was rendered. In all cases, therefore, where it is sought to apply the estoppel of a judgment rendered upon one cause of action to matters arising in a suit upon a different cause of action, the inquiry must always be as to the point or question actually litigated and determined in the original action, not what might have been thus litigated and determined. Only upon such matters is the judgment conclusive in another action." See also Southern Pacific R. Co. v. United States, 168 U.S. 1, 50, 18 S.Ct. 18, 42 L.Ed. 355; Troxell v. Delaware, Lackawanna & Western R. R. Co., 227 U.S. 434, 440, 33 S.Ct. 274, 57 L.Ed. 586.

After quoting this, it said:

"Coming, now, to apply these principles to the case before us, it is very clear that the opposition to the composition in the bankruptcy court was not the same cause of action as the suit for deceit here. * * * The defense of *res judicata* as to the cause was therefore not established by the judgment confirming the composition."

However, the Court further said:

" * * * This suit between respondent and petitioners was decided by the referee and the two courts against the respondent, and the composition was confirmed because it was found that the statement of January 1, 1916, was true and not false. This is exactly the same issue which arose in the suit for deceit which is before us. Recovery of the judgment under consideration can not be sustained, except upon the finding that the statement was false. The respondent, the trust company, can not litigate again that issue in this case, because it is bound by the finding against it in its opposition to the confirmation of the composition. This follows necessarily from the rule in the second class of cases laid down by Mr. Justice Field in the language already quoted."

■ It should be noted that in the Myers case the bankruptcy court had no jurisdiction to entertain an action in tort for deceit. However, it did have the authority to determine whether a petition for composition should be confirmed, and to do so the court had the authority to first determine whether the bankrupt's statements were false. It follows, there-

fore, that although the court is one of limited jurisdiction, if it has authority to determine the issue within the scope of its jurisdiction, all other courts are estopped from subsequently relitigating the same issue. The nature of the relief sought in the first action never controls the application of the rule of estoppel by judgment. See United States v. Silliman, 3 Cir., 167 F.2d 607.

Because of this reasoning, we are of opinion that we were in error in the Levy and O'Brien cases, cited supra, and they must be overruled.

Plaintiff's motion for summary judgment is denied; defendant's motion for summary judgment is granted, and plaintiff's petition must be dismissed.

It is so ordered.

BASTIAN, Circuit Judge, sitting by designation, JONES, Chief Judge, and LARAMORE, and MADDEN, Judges, concur.