Laramore, Judge,
delivered the opinion of the court:
Plaintiff was removed from his civilian position with the Department of the Air Force. He contends that said removal action was unlawful and resulted from action of his superiors which was arbitrary, capricious, illegal, malicious, fraudulent and without cause. He sues for back pay based upon the above removal action.
This case arises on defendant’s motion to dismiss for the reason that the petition fails to state a claim upon which relief can be granted.
Defendant contends (1) that plaintiff’s claim is barred by collateral estoppel because the same issue as presented here was considered and adjudged by a court of competent jurisdiction, and (2) the mere allegation of arbitrary or fraudulent conduct is not sufficient to state a cause of action.
The facts are these: Plaintiff was employed in a civilian capacity by the U.S. Air Force at Wright-Patterson Air *407 Force Base, Dayton, Ohio. He was removed from his position on charges preferred. Thereafter plaintiff took an appeal to the Sixth Civil Service Begion, which office ratified the discharge, and said action was confirmed by the Civil Service Commission Board of Appeals and Beview and by the Civil Service Commission. Thereafter plaintiff filed suit in the District Court for the District of Columbia seeking reinstatement, and on motion for summary judgment that court awarded judgment in favor of the United States. Thereafter appeal was taken to the U.S. Court of Appeals for the District of Columbia which affirmed the lower court. Certiorari was denied by the U.S. Supreme Court on March 25, 1957. Dilatush v. Wilson, et al., 99 U.S. App. D.C. 224, 239 F. 2d 44 (1956), cert. denied 353 U.S. 917.
The petition filed in the District Court alleged that “certain pretended and alleged charges were filed against him by one Charles F. Burley, * * * but that the said charges were not specific * * *.” However, the District Court found the charges were sufficiently specific. The issue then remained in the District Court as to whether the charges were “pretended.” If so, obviously the removal action was arbitrary and capricious. While the District Court in its order dealt only with the specificity and detail of the charges, in sustaining the action it at least by implication decided that the removal was for such cause as would promote the efficiency of the service and the charges upon which removal was based were not “pretended.” This court could not find the dismissal action erroneous without again in effect finding the charges were “pretended” amounting to arbitrary and capricious action. In other words, to sustain the “pretended” issue in a District Court the same facts would be necessary as to sustain the arbitrary and capricious action in this court. Of course, having once litigated this issue, plaintiff is estopped from again presenting the same issue in this court. Edgar v. United States, 145 Ct. Cl. 9.
Of equal or more importance is the fact that it is impossible for this court to determine from the instant petition just what conduct of plaintiff’s superiors was arbitrary, fraudulent or illegal. Certainly it cannot be said that the conduct was illegal, for the District Court and the Court of *408 Appeals ruled that the discharge was lawful, and plaintiff is estopped from again relitigating that issue. Edgar v. United States, supra.
A bare allegation of arbitrary or fraudulent conduct is not sufficient to state a cause of action under Rule 9 (b) of the Rules of this court and cases decided thereunder. Ray v. United States, 144 Ct. Cl. 188; Crump v. United States, 143 a. Cl. 804.
Ride 9 (b) reads in pertinent part as follows:
Fraud; Mistake; Caprice; Condition of Mind: In all averments (i) of fraud, including a plea by the United States that the plaintiff has practiced or attempted to practice fraud within the meaning of 28 U.S.C. 2514; (ii) of mistake; or (iii) of action alleged to be arbitrary, capricious, or so grossly erroneous as to imply bad faith, the circumstances constituting fraud, mistake, or arbitrary, capricious, or erroneous action shall he stated with particularity. * * *. [Italic supplied.]
It follows that plaintiff’s petition must be dismissed for failure to state with particularity the arbitrary, capricious, illegal, malicious and fraudulent conduct relied upon.
Defendant’s motion is granted, and the petition will be dismissed.
It is so ordered.
DitRfbe, Judge; Maddest, Judge; Whitaker, Judge; and Jones, Ohief Judge, concur.