Pleading and 'practice; review of procedural inotions by court; suspension of reference to trial fudges; res judicata; collateral estoppel. — On July 26, 1974 the court issued the following order:
Before Cowen, Chief Judge, Nichols and Kashiwa Judges.
“This case is before the court on plaintiff’s request for review under Buie 53(c)(8). The trial judge denied a motion by plaintiff to amend a pre-trial order which states that a copy of a certified administrative record has been served on the plaintiff. Plaintiff, acting pro se, has filed voluminous papers that complain, in substance, that the Civil Service Commission has failed to file or serve a supposed investigative report on his case. Defendant denies that the supposed investigative report ever existed and plaintiff adduces no reason to believe otherwise. He relies on a statement by the Commission that it conducted an investigation. The record reflects a decision by the Commission on the basis of evidence taken by a Hearing Examiner. Plaintiff also has filed an affidavit alleging bias and prejudice on the part of the trial judge. More recently, defendant has moved for summary judgment. Said motion is not before the court for action at this time, but it effectively moots the trial judge’s alleged bias and prejudice. As a dispositive motion, it suspends the reference to 'him. Buie 14(b) (2).
“In view of the foregoing and on consideration of the various papers plaintiff has filed, it is
“ordered, that the request for review is denied.”
Plaintiff’s motion to amend or for clarification of the court’s order was denied October 10,1974.
*826 On November 22, 1974 the court issued a further order as follows:
“This case comes before the court on defendant’s motion, filed July 18, 1974, for summary judgment and plaintiff’s suggestion, received July 26,1974, for hearing en banc. Upon consideration thereof, without oral argument, by the active Judges of the court (Judge Kunzig not participating) as to the suggestion for hearing en bane under Rule 7(c), which suggestion is denied, and further having been so considered by the panel listed above as to defendant’s motion for summary judgment, it is concluded that plaintiff’s alleged claim is barred by res judicata and collateral estoppel as a result of the prior proceedings in Civil Action No. 2292-72 in the United States District Court for the District of Columbia, and the decision by this court in Edgar v. United States, 145 Ct. Cl. 9, 12, 16, 171 F. Supp. 243, 245, 247-48 (1959).
“it is therefore ordered that defendant’s said motion for summary judgment be and the same is granted and plaintiff’s petition is dismissed.”