This pro se civilian pay case involving excessive unauthorized job absences comes before the court on defendant’s motion for summary judgment. Plaintiff has filed a cross-motion for summary judgment.[1] We hold for the Government on the basis of collateral estoppel.
Plaintiff was employed as an electronics technician at the Pacific Missile Range, Naval Air Systems Command, in Point Mugu, California. He was fired effective June 14, *620 1974, for excessive unauthorized absences from his position. Plaintiff appealed, and his firing was affirmed by the Civil Service Commission Appeals Review Board.
Plaintiff initiated an action in the United States District Court for the District of Kansas. Named as defendants were the Civil Service Commission, and Commissioners McDonald, Roel, and Tillman. The complaint alleged that the plaintiff had been wrongfully discharged, and sought reinstatement with a five step within-grade increase, and back pay. Defendants’ motion for summary judgment was granted on November 21, 1977.[2] The district court noted that there was "overwhelming evidence that the decision to remove plaintiff was proper.” Plaintiff appealed that ruling to the Tenth Circuit Court of Appeals.
On June 15, 1978, plaintiff filed this petition alleging that he had been wrongfully discharged. He seeks back pay, compensatory damages, punitive damages, attorneys’ fees, and court costs. Defendant filed a motion for summary judgment asking us to dismiss the petition on the ground that the plaintiff had this same suit pending in another court. Under 28 U.S.C. § 1500 (1976), we would lack jurisdiction over such a claim. Plaintiff answers that since he amended his complaint in the district court to eliminate his claim for back pay, he was entitled to bring this action despite the pendency of his appeal to the Tenth Circuit Court of Appeals under the principle enunciated in Casman v. United States, 135 Ct. Cl. 647 (1956).
On November 17, 1978, the Tenth Circuit Court of Appeals affirmed the ruling of the district court. Liles v. United States Civil Service Commission, No. 78-1280 (10th Cir. Nov. 17, 1978). It is now clear that this claim is not pending in another court, and that we have jurisdiction to consider the merits of the petition. Any motion of the Government to dismiss based upon lack of jurisdiction must therefore fail.
Nevertheless, we conclude that the petition should be dismissed. The facts in the instant case require us, sua sponte, to raise the principle of collateral estoppel. In Southern Pacific Railroad Co. v. United States, 168 U.S. 1 (1897), the Supreme Court explained this principle. There the Court said:
*621 [A] right, question or fact distinctly put in issue and directly determined by a court of competent jurisdiction, as a ground of recovery, cannot be disputed in a subsequent suit between the same parties or their privies . . . [Id. at 48.]
The issue underlying this petition — whether plaintiffs discharge was illegal — is the same issue which the district court decided in declining to order plaintiffs reinstatement. Plaintiff is estopped to relitigate that issue in this court. See Stilley v. United States, 183 Ct. Cl. 982, cert. denied, 393 U.S. 999 (1968); Edgar v. United States, 145 Ct. Cl. 9, 171 F. Supp. 243 (1959).
Accordingly, it is ordered, upon consideration of all the parties’ submissions, but without oral argument, that defendant’s motion for summary judgment is granted, and plaintiffs cross-motion for summary judgment is denied. The petition is dismissed.

 Because plaintiff is proceeding pro se, we will treat his motion for what he calls a "default verdict” as a motion for summary judgment.

 Liles v. U.S. Civil Service Commission, No. 77-4064 (D.Kan., Nov. 21, 1977).