On April 6, 1979 the court entered the following order:
Before Friedman, Chief Judge, Davis and Kashiwa, Judges.
This civilian pay case comes before the court on defendant’s motion to dismiss the petition on the ground of former adjudication. Plaintiff was a hearing examiner at the Interstate Commerce Commission (ICC). The ICC referred five charges of misconduct against him to the Civil Service Commission (Commission). The Commission hearing examiner sustained two of the five charges and recommended suspension for eight months. On review, the Commission upheld an additional charge and raised the sanction to dismissal. Plaintiff, asserting that his dismissal was unlawful for various reasons, sought injunctive and declaratory relief in the United States District Court for the District of Columbia. That court granted summary judgment for the Government; the decision was affirmed on appeal. Hasson v. Hampton, No. 72-1239 (D.D.C. Mar. 15, 1973), aff’d mem., No. 73-1658 (D.C. Cir. April 20, 1976). The present suit also attacks plaintiffs discharge, raising several of the same grounds urged in the District Court litigation plus some new points.
Under the principle of claim preclusion or res judicata, a final decision on the merits of a claim bars a subsequent action on the same claim, or any part thereof, including issues which were not but could have been raised as part of the claim. Container Transport Int’l, Inc. v. United States, 199 Ct. Cl. 713, 717, 468 F.2d 926, 928 (1972). See also Ray v. United States, 209 Ct. Cl. 761 (1976); Clark v. United States, 150 Ct. Cl. 470, 281 F.2d 443 (1960). The claim in this court centers on the legality of plaintiffs dismissal from government service just as did that pursued in the *616 prior litigation; the claims are identical.[1] Plaintiff had the opportunity to raise before the District Court the new issues he presents to us, and it is no excuse that he or his attorney did not think of them. Nor is it a justification for this repetitive litigation that plaintiff believes the District Court or the Court of Appeals erred in their disposition of some of the issues which were considered. Having had the chance to present his dismissal case fully to the District Court and the Court of Appeals, plaintiff has had an adequate day in court.
Accordingly, It Is Ordered, upon consideration of the submissions of the parties, but without oral argument, that defendant’s motion to dismiss the petition is granted and the petition is dismissed.
Plaintiffs motion for rehearing was denied May 25,1979.

 A claim includes all the claimant’s rights against the particular defendant with respect to all or any part of the transaction, or series of connected transactions, out of which the action arose. Container Transport Int’l, Inc. v. United States, 199 Ct. Cl. 713, 718, 468 F.2d 926, 929 (1972). For application of claim preclusion in litigation in this court by dismissed federal employees, it is immaterial that an earlier suit may have been against a federal official rather than the United States eo nomine (see, e.g., Edgar v. United States, 145 Ct. Cl. 9, 171 F.Supp. 243 (1959)) or that the remedy sought in the earlier case was specific or declaratory relief rather than back pay (id. at 16, 171 F. Supp. at 248; Green v. United States, 145 Ct. Cl. 628, 172 F. Supp. 679 (1959)).