On May 18, 1979 the court entered the following order:
Michael T. Scott, attorney of record, for plaintiff. James A. Beat, Catherine B. Hyatt, Arnold & Porter, of counsel.
Emory J. Bailey, with whom was Assistant Attorney General Barbara Allen Babcock, for defendant.
Before Nichols, Judge, Presiding, Bennett and Smith, Judges.
Plaintiff in this case, a discharged employee of the Social Security Administration, with 17 years of service, now sues for reinstatement and back pay. Defendant requests summary judgment and dismissal of plaintiffs petition under 28 U.S.C. § 1500 (1976) because plaintiff previously filed a similar action in the United States District Court for the District of Columbia. We conclude the appropriate course for this court is to suspend proceedings here pending further action in plaintiffs case by the district court.
After her dismissal from employment on June 24, 1972, plaintiff exhausted all administrative remedies unsuccessfully and thereafter brought suit in the United States District Court for the District of Columbia in October 1975 for equitable relief under title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq. The district court action is Prillman v. Califano, No. 75-1740. Plaintiffs second amended complaint in the district court, filed January 10, 1979 (plaintiffs first amended complaint was filed December 16, 1977), additionally alleges violations of her fifth amendment due process rights and procedural rights specified by the Lloyd-LaFollette Act, 5 U.S.C. § 7501 (1976). Under this second amended complaint, plaintiff requests a declaratory judgment, injunctive relief, reinstatement and back pay "in excess of $10,000.” On January 11, 1979, plaintiff filed her petition in this court. Her petition requests compensation for deprivation of rights secured by the fifth amendment’s due process clause, the Lloyd-LaFollette Act and the Back Pay Act, 5 U.S.C. § 5596 (1976).
Defendant contends this court is without jurisdiction over plaintiffs instant petition since plaintiff has already filed the same claim in the district court and 28 U.S.C. § 1500 (1976) provides in part: "The Court of Claims shall not have jurisdiction of any claim for * * * which the plaintiff *679 * * * has pending in any other court any suit or process against the United States.” Plaintiff insists this petition was filed to protect her rights to a claim in excess of $10,000 because the district court cannot consider her procedural due process claim for back pay in excess of $10,000, 28 U.S.C. § 1346(a)(2) (1976), and denies that the same claims are asserted in both courts since we have no jurisdiction in a discrimination claim such as asserted by plaintiff in district court.
In this situation, plaintiffs claim straddles a jurisdictional boundary between this court and the district court. The district court has jurisdiction over title VII and relief thereunder while this court does not, Williams v. United States, 212 Ct. Cl. 544 (1976); Clark v. United States, 212 Ct. Cl. 590 (1977). However, the district court does not have jurisdiction over civil actions against the United States under the Back Pay Act, for example, in excess of $10,000, 28 U.S.C. § 1346(a)(2) (1976). Litigation of plaintiffs claims in district court is well under way. Resolution of the case there will settle the legal issues raised in this court for they are to that extent the same. If plaintiff should prevail and her damages exceed $10,000 she could pursue a claim here for the excess. For these reasons and because it would be inappropriate to litigate at the same time in two different courts, on the identical issues, we conclude the best course of action is to suspend proceedings in this case, pending further action of the district court in plaintiffs action there. Accordingly,
it is therefore ordered, upon consideration of the parties’ submissions and other papers, but without oral argument, that proceedings in this case are hereby suspended.
it is further ordered that counsel for plaintiff shall advise the court at intervals of not more than 90 days from the date of this order of the status of Prillman v. Califano, No. 75-1740, in the United States District Court for the District of Columbia.