Military pay; disability retired pay; limitation of actions; finality of action by board. — On February 8, 1980 the court entered the following order:
Before Kashiwa, Judge, Presiding, Kunzig and Bennett, Judges.
Plaintiff was retired from the United States Marine Corps on July 1, 1945, in the grade of second lieutenant. Due to wounds received in action, plaintiff was awarded disability payments equal to 75 percent of his base pay. In 1949 plaintiff inquired into the disability payments available through the Veterans Administration (VA). Plaintiff was examined by the VA and was rated as 80 percent disabled. (This disability rating was lowered to 70 percent in 1952.) Plaintiff chose to receive compensation from the VA, and thus, pursuant to 38 U.S.C. § 3104, which prohibits duplication of benefits from both the VA and the armed forces, plaintiff waived his right to receive military disability retirement pay.
In 1950 plaintiff was notified that he had been awarded a disability rating of 40 percent under the Career Compensation Act of October 12, 1949, 63 Stat. 802 (current version at 10 U.S.C. § 1201 et seq.). Plaintiff objected to a 40 percent rating and submitted an application to the Physical Disability Appeal Board. The Appeal Board recommended that the 40 percent rating should be affirmed, and its recommendation was approved by the Secretary of the *618 Navy on October 23, 1950. Plaintiff took no appeal from this decision at that time nor did he elect to receive benefits under the Act before the October 1, 1954, cutoff date. However, in 1975 plaintiff petitioned the Board for Correction of Naval Records to amend his records. The Correction Board approved a change in plaintiffs records to show that he had retired at the rank of first lieutenant but refused to raise plaintiffs disability rating. Plaintiff filed suit in this court on July 17, 1978, praying for an increase in his disability rating, and both parties have moved for summary judgment.
We have concluded that plaintiffs suit was filed long past the expiration of the 6-year statute of limitations on such actions. 28 U.S.C. § 2501. In disability retirement cases, the claim accrues on the final action of the first board competent to pass on plaintiffs eligibility for disability retirement. Since the Correction Board here was in effect reviewing a prior final adverse determination of the Appeal Board, the Correction Board’s adverse decision did not give rise to a new cause of action. Resort to the Correction Board here was a permissive remedy and did not toll the statute of limitations. Ray v. United States, 209 Ct. Cl. 761, 766 (1976); Brownfield v. United States, 218 Ct. Cl. 477, 482-83, 589 F. 2d 1035, 1037-38 (1978); Friedman v. United States, 159 Ct. Cl. 1, 24-25, 310 F. 2d 381, 395-96 (1962), cert. denied, sub nom. Lipp, 373 U.S. 932 (1963). Thus, plaintiffs cause of action accrued no later than October 23, 1950, when the Appeal Board’s proceedings were approved by the Secretary of the Navy.
Plaintiff argues that the decision of the Appeal Board in 1950 should not be considered final because plaintiff was misled. See Friedman v. United States, supra, 159 Ct. Cl. at 24, 310 F. 2d at 395-96. Plaintiff claims that he erroneously believed that his election of VA benefits in 1950 was final and precluded the receipt of any benefits under the Career Compensation Act of 1949. However, any erroneous belief on plaintiffs part was not caused by misstatements by the Government but by plaintiffs own misreading of the 1950 letter of notification of his options under the Act. In addition, the other grounds asserted by plaintiff, such as the alleged incompleteness of the record before the Appeal Board, are not adequate circumstances here to deprive the action of the Appeal Board of finality.
*619 Since we are required to apply the statute of limitations, we need not reach the other grounds asserted by defendant against plaintiffs claim.
it is therefore ordered, upon consideration of the pleadings, motions, briefs, administrative record, and oral argument, that plaintiffs motion for summary judgment is denied, defendant’s cross-motion for summary judgment is granted, and the petition is dismissed.
Plaintiffs motion for rehearing to alter or amend judgment was denied March 28, 1980. Plaintiffs petition for a writ of certiorari was denied, 449 U.S. 870 (1980).