Civilian pay; dismissal; judgments; res judicata; Court of Claims jurisdiction of claim sounding in tort. — On May 23, the court entered the following order:
Donald Ray Liles, pro se.
Robert E. Richardson, with whom was Assistant Attorney General Alice Daniel, for defendant.
Before Friedman, Chief Judge, Kunzig and Smith, Judges.
This case is before the court on defendant’s motion to dismiss on the ground of res judicata and on plaintiffs cross-motion for summary judgment.[1] Upon consideration of the petition, briefs and all other submissions of the parties, but without oral argument, defendant’s motion is granted; plaintiffs cross-motion is denied; and the petition herein is dismissed.
In this action, plaintiff alleges two claims for monetary and other relief: (1) wrongful discharge from his former employment as an electronic technician at the Pacific Missile Range, Naval Air Systems. Command; and (2) invasion of his privacy rights by federal officials who supervised him when he was so employed. Plaintiff asserted claim (1) in a previous petition filed with this court. The court dismissed that petition by order granting, with respect to claim (1), summary judgment in favor of the United States.[2] Hence, the court has previously adjudicated claim (1). As this is so, plaintiffs attempt to reassert claim (1) here is precluded by principles of res judicata.[3] Contain *657 er Transport International, Inc. v. United States, 199 Ct. Cl. 713, 468 F.2d 926 (1972).
Claim (2) of the petition herein sounds in tort. Hence, it is outside the jurisdiction granted to the court under 28 U.S.C. § 1491 (1976).
Defendant’s motion to dismiss is granted. Plaintiffs cross-motion for summary judgment is denied. The petition herein is dismissed.
On June 27, 1980 the court denied plaintiffs motion for reconsideration.

 As plantiff is proceeding on a pro se basis in this case, we have considered the document which he filed on May 6, 1980, together with the document received from plaintiff on May 12,1980, to constitute a motion for summary judgment.

 Our order adjudicating claim (1) adversely to plaintiff, Liles v. United States, 219 Ct.Cl. 619 (1979), was based on an adjudication of the same wrongful discharge issue by the United States District Court for the District of Kansas. In Liles v. United States Civil Serv. Comm'n. No. 77-4064 (D. Kan., Nov. 21, 1977), that court held, after examining the evidence of record pertaining to plaintiffs discharge, that his discharge had not been effected arbitrarily, capriciously, or in a procedurally defective manner. The holding of the district court was affirmed by the United States Court of Appeals for the Tenth Circuit. Liles v. United States Civil Serv. Comm’n, No. 78-1280 (10th Cir. Nov. 17, 1978).
In our order adjudicating claim (1), we indicated that plaintiff was collaterally estopped by the district court’s adjudication of the wrongful discharge issue from raising that issue in this court.

 Plaintiff argues that our previous order pertaining to claim (1) does not constitute an adjudication of the claim on the merits. Plaintiff is incorrect. In our previous order, we relied on and, in effect, adopted the district court’s adjudication of the claim, that adjudication having been on the merits.