*588 Plaintiff was discharged in 1972 from her employment with the Social Security Administration and brought suits contesting the adverse action both in this court and in the United States District Court for the District of Columbia. The latter suit was filed first. Accordingly, on May 18, 1979, 220 Ct.Cl. 677, we entered an order suspending proceedings here pending action by the district court since it was apparent that the issues before the two courts were the same. Plaintiff had alleged sex and racial discrimination and violation of her procedural and due process rights guaranteed by statute and by the Constitution. She sought reinstatement to her position and back pay.
On February 14, 1980, in the case of Prillman v. Harris, Civil No. 75-1740 (D.D.C.), the Honorable Barrington D. Parker entered findings of fact and a memorandum opinion, accompanied by an order and judgment for defendant on all claims, and dismissed the complaint with prejudice. The district court heard the case without a jury and concluded in its careful analysis that plaintiff had failed to establish a prima facie case of discrimination and that, even assuming arguendo that she had done so, "the credible evidence in the record is abundant and more than sufficient to rebut any inference of discrimination.” The court also rejected the due process claims and found that "the determination to remove the plaintiff from federal service was justifiable and was not arbitrary, capricious or an abuse of discretion.” The court of appeals declined to permit plaintiff to proceed there.
On December 19, 1980, this court lifted its order of suspension to entertain defendant’s motion for summary judgment which is now before us. On December 24, 1980, plaintiff, pro se, was granted to February 7, 1981, to respond to defendant’s motion. No response has been filed.
It is clear that defendant’s motion must be granted on the grounds of collateral estoppel. Commissioner v. Sunnen, 333 U.S. 591 (1948); Red Lake Band v. United States, 221 Ct. Cl. 325, 607 F.2d 930 (1979); Edgar v. United States, 145 Ct. Cl. 9, 171 F.Supp. 243 (1959).
it is therefore ordered upon consideration of defendant’s motion for summary judgment, the district court’s findings and opinion, and the pleadings, without oral *589 argument, that defendant’s motion is granted. The petition is dismissed.