**William T. SCHUSTER**

v.

**The UNITED STATES.**

No. 259-82C.

United States Claims Court.

March 4, 1983.

Maurice F. Biddle, Flint Hill, Va., for plaintiff.

Kathleen A. Flynn, Washington, D.C., with whom was Asst. Atty. Gen. J. Paul McGrath, Washington, D.C., for defendant; Major Thomas J. Fiscus, Dept. of the Air Force, Washington, D.C., of counsel.

OPINION

WOOD, Judge:

This military pay case, before the court on cross-motions for summary judgment, has its genesis in a May 1959 recommendation that plaintiff, then an Air Force Reserve officer serving on extended active duty, be demoted. That recommendation, duly approved by the Secretary of the Air Force, led to plaintiff's retirement from the Air Force, in the grade of lieutenant colonel, April 30, 1961.

In this action, filed May 24, 1982, plaintiff contends in essence that the recommendation of the Demotion Board, and his ensu-

ing retirement, were "illegal" and should be held to be without any force or effect. He appears to seek a judgment for the difference between the basic pay and allowances of a lieutenant colonel and the retired pay he was paid from May 1, 1961, to April 30, 1969, and for the difference between the retired pay he would have received had he been retired April 30, 1969, and that which he has been paid from May 1, 1969, to date of judgment.[1]

Defendant points to a 1972 dismissal by the United States District Court for the District of Columbia of plaintiff's challenge to his retirement as barred by limitations, and urges that, under the doctrines of *res judicata* and collateral estoppel, that decision should be afforded binding effect in this court. Defendant further contends, however, that the claim accrued no later than 1961 and is barred by limitations in any event. Plaintiff's reply is that neither *res judicata* nor collateral estoppel is applicable here, that the statute of limitations was "tolled" until he became "aware," in or about 1979, that "he had a cause of action," and that, on the merits, the 1959 recommendation leading to his retirement, and his 1961 retirement, were "illegal."

For the reasons hereinafter appearing, and without oral argument, it is concluded that plaintiff's claim is barred by *res judicata.*

## I

On May 22, 1959, plaintiff, who then held both a permanent appointment as a lieuten-ant colonel, Air Force Reserve, and a temporary appointment as a lieutenant colonel in the Air Force,[2] and who was then serving on extended active duty in his temporary grade, was recommended for demotion by an Air Force Demotion Board. That recommendation was approved by the Secretary of the Air Force July 22, 1959.

Because plaintiff was then serving on extended active duty in a temporary grade equal to his permanent Reserve grade, paragraph 2d, Air Force Regulation (AFR) No. 36–35, 30 August 1958, "Officer Personnel—Demotion of Officers," required that he be released from active duty.[3] Plaintiff had then completed over 18 years' active duty, however, and he was within two years of qualifying for retired pay. Accordingly, he was permitted to continue on active duty in order to complete twenty years' active service.[4] He elected to do so, thereafter qualified for retired pay, and was retired from active service, in the grade of lieutenant colonel, April 30, 1961.

As of 1959, Section 266(a), Title 10, United States Code, provided in part that each board convened "for the * * * demotion * * of Reserves * * * shall include an appropriate number of Reserves, as prescribed by the Secretary concerned under standards and policies prescribed by the Secretary of Defense."[5] Plaintiff alleges that the 1959 Demotion Board that recommended him for demotion was unlawfully constituted, in that only two Board members[6] were Re-

---

1. The complaint "prays for * * * recission [sic] of retirement orders * * * ordering retirement on May 1, 1961; [and] issuance of new retirement orders as of May 1, 1969 * * *." Plaintiff expressly disavows any claim for promotion to colonel.

2. See Section 8441, Title 10, United States Code (1958 ed.).

3. Paragraph 2d, AFR 36–35, provided in pertinent part that an officer of the Air Force Reserve "serving on extended active duty in a grade equal to or lower than his permanent Reserve grade cannot, by law, be demoted" and that, accordingly, an officer "in this category" recommended for demotion "will be involuntarily released from active duty in lieu of demotion."

4. See 50 U.S.C. § 1016 (1958 ed.). The provision was subsequently transferred to Title 10. See Section 1163(d), Title 10, United States Code (1964 ed.).

5. Section 266(a) has recently been amended to provide that each such board "shall include at least one member of the Reserves, with the exact number of Reserves determined by the Secretary concerned in his discretion." Section 2(c), Act of July 10, 1981, Pub.L. 97–22, 95 Stat. 124. *Cf. Stewart v. United States*, 222 Ct.Cl. 42, 611 F.2d 1356 (1979).

6. Documents appended to plaintiff's cross-motion for summary judgment tend to indicate that there were 15 members (plus two alternate members).

serves. It follows, plaintiff asserts, that the Board's recommendation, and his consequent retirement in 1961, were and are ineffective to deprive him of the basic pay (and increased retired pay) he would have received but for the unlawful action.

In 1972, plaintiff, represented by counsel, filed an action in the United States District Court for the District of Columbia.[7] In that action, plaintiff alleged, among other things, that the Air Force orders separating him from active duty in 1961 were "illegal and void and of no effect * * *."[8] By order, dated June 14, 1972, Judge Howard F. Corcoran, citing 28 U.S.C. § 2401(a), *Mathis v. United States,* 183 Ct.Cl. 145, 391 F.2d 938 (1968), and *Mathis v. Laird,* 324 F.Supp. 885 (D.Fla.1971), aff'd, 457 F.2d 926 (5th Cir.1972), cert. denied, 409 U.S. 871, 93 S.Ct. 201, 34 L.Ed.2d 122 (1972), held that "the plaintiff's action is barred by the statute of limitations," and dismissed the complaint.

## II

In *Brown v. Felsen,* 442 U.S. 127, 131, 99 S.Ct. 2205, 2209, 60 L.Ed.2d 767 (1979), the Supreme Court stated that:

> Res judicata ensures the finality of decisions. Under res judicata, 'a final judgment on the merits bars further claims by parties * * * based on the same cause of action.' *Montana v. United States,* 440 U.S. 147, 153 [99 S.Ct. 970, 973, 59 L.Ed.2d 210] (1979). Res judicata prevents litigation of all grounds for, or defenses to, recovery that were previously available to the parties, regardless of whether they were asserted or determined in the prior proceeding. *Chicot County Drainage Dist. v. Baxter State Bank,* 308 U.S. 371, 378 [60 S.Ct. 317, 320, 84 L.Ed. 329] (1940) 1B J. Moore, Federal Practice ¶ 0.405[1] (2d ed. 1974). Res judicata thus encourages reliance on judicial decisions, bars vexatious litigation, and frees the courts to resolve other disputes.

*See also Federated Department Stores, Inc. v. Moitie,* 452 U.S. 394, 101 S.Ct. 2424, 69 L.Ed.2d 103 (1981); *Alyeska Pipeline Service Co. et al. v. United States,* 231 Ct.Cl. ——, 688 F.2d 765 (1982); *Red Lake Band v. United States,* 229 Ct.Cl. ——, 667 F.2d 73 (1981).

In 1972, the United States District Court for the District of Columbia held that plaintiff's complaint that his 1961 separation from the Air Force was illegal was barred by limitations. For purposes of the doctrine of *res judicata,* the District Court judgment operated as an adjudication on the merits. *Cemer v. Marathon Oil Co.,* 583 F.2d 830, 832 (6th Cir.1978). *See also, Federated Department Stores Inc. v. Moitie, supra,* 452 U.S. at 399, n. 3, 101 S.Ct. at 2428, n. 3; *Mathis v. Laird,* 457 F.2d 926, 927 (5th Cir.1972), cert. denied, 409 U.S. 871, 93 S.Ct. 201, 34 L.Ed.2d 122 (1972).

"Under the principle of claim preclusion or res judicata, a final decision on the merits of a claim bars a subsequent action on the same claim, or any part thereof, including issues which were not but could have been raised as a part of the claim." *Hasson v. United States,* 220 Ct.Cl. 615, 618 F.2d 121 (1979); *See also Ray v. Tennessee Valley Authority,* 677 F.2d 818 (11th Cir.1982); *Cemer v. Marathon Oil Co., supra; Bander v. United States,* 161 Ct.Cl. 475, 480–84 (1963).

Plaintiff's claim in the District Court, and his claim here, are on analysis essentially identical: that his involuntary separation from the Air Force April 30, 1961, was unlawful. *Hasson v. United States, supra; see also Roach v. Teamsters Local Union No. 688,* 595 F.2d 446, 449 (8th Cir.1979). As the court said in *Hasson,* "[t]he claim in this court centers on the legality of plaintiff's [discharge from the military service] just as did that pursued in the prior litigation * * *." *Id.* at 220 Ct.Cl. 615–16, 618 F.2d 121; *see also Container Transport Intl., Inc. v. United States,* 199 Ct.Cl. 713, 718, 468 F.2d 926, 929 (1972). That the

---

7. That action (Civil Action No. 481–72) named as defendants Dr. Robert C. Seaman, Secretary of the Air Force, and the United States.

8. The complaint did not question the composition of the 1959 Board.

earlier decision was by the District Court, rather than by this court's predecessor, is "immaterial" for purposes of application of the doctrine of claim preclusion. *Hasson v. United States, supra; McGinty v. United States,* 151 Ct.Cl. 399, 403, *cert. denied,* 368 U.S. 867, 82 S.Ct. 115, 7 L.Ed.2d 63 (1961); *see also Mathis v. Laird, supra,* 457 F.2d at 927.

It is, of course, true that in the prior litigation plaintiff did not specifically contend that the Demotion Board which recommended his demotion was illegally constituted. That, however, is of no moment here. Plaintiff could have raised in the District Court litigation the issue he now asserts, "and it is no excuse that he or his attorney did not think of them." *Hasson v. United States, supra,* 220 Ct.Cl. at 616, 618 F.2d 121; *see also Ray v. Tennessee Valley Authority, supra; Harrington v. Vandalia-Butler Board of Education,* 649 F.2d 434, 437 (6th Cir.1981); *Cemer v. Marathon Oil Co., supra; Davis v. Towe,* 379 F.Supp. 536, 537 (D.Va.1974), *aff'd,* 526 F.2d 588 (4th Cir.1975).

Defendant's contention that the claim herein is barred by *res judicata* is valid and dispositive. Accordingly, neither the government's further contention that the claim is barred by limitations (*cf. Bonen v. United States,* 229 Ct.Cl. ——, ——, 666 F.2d 536, 539 (1981), *cert. denied,* 456 U.S. 991, 102 S.Ct. 2273, 73 L.Ed.2d 1286 (1982); *Gilmore v. United States,* 228 Ct.Cl. —— (order, July 31, 1981); *Elizey v. United States,* 219 Ct.Cl. 589, 618 F.2d 119 (1979); *Monningh v. United States,* 1 Cl.Ct. 427 (Cl.Ct. 1983, Colaianni, *J.*)) nor its suggestion that on this record consideration of the issue whether section 266(a) was in fact breached in 1959 would in any event be premature need be reached.

Defendant's motion for summary judgment is granted, and plaintiff's cross-motion is denied. The complaint will be dismissed.