**Toivo H. IVARY**

v.

**The UNITED STATES.**

**No. 5–82C.**

United States Claims Court.

Nov. 18, 1983.

Donald M. Sea, Oakland, Cal., for plaintiff.

Louis R. Davis, Washington, D.C., with whom was Asst. Atty. Gen. J. Paul McGrath, Washington, D.C., for defendant.

## OPINION

MARGOLIS, Judge.

Plaintiff Toivo H. Ivary brings this military pay action against the United States seeking an increase in his disability retirement rating from 60 to 80 percent and back pay. Plaintiff has moved for summary judgment alleging that the action of the Department of Navy in rating him at a 60 percent disability was unsupported by substantial evidence, arbitrary, capricious, and contrary to law. Defendant opposes the plaintiff's motion and has moved to dismiss on the grounds that plaintiff's claim is barred by the statute of limitations, the doctrine of *res judicata,* collateral estoppel, and by acceptance of a settlement. 10 U.S.C. § 1552(c) (1976).*

The Court finds that plaintiff's claim is barred by *res judicata,* and therefore finds it unnecessary to reach the defendant's other contentions.

The underlying facts upon which plaintiff's claim is predicated were reported in *Ivary v. United States,* 650 F.2d 285, 222 Ct.Cl. 617–18 (1980), *cert. denied,* 449 U.S. 870, 101 S.Ct. 208, 66 L.Ed.2d 90 (1980), as follows:

Plaintiff was retired from the United States Marine Corps on July 1, 1945, in the grade of second lieutenant. Due to wounds received in action, plaintiff was awarded disability payments equal to 75 percent of his base pay. In 1949 plaintiff inquired into the disability payments available through the Veterans Administration (VA). Plaintiff was examined by the VA and was rated at 80 percent disabled. (This disability rating was lowered to 70 percent in 1952). Plaintiff chose to receive compensation from the VA, and thus, pursuant to 38 U.S.C. § 3104, which prohibits duplication of benefits from both the VA and the armed forces, plaintiff waived his right to receive military disability retirement pay.

In 1950 plaintiff was notified that he had been awarded a disability rating of 40 percent under the Career Compensa-

---

* The statute provides that "[a] claimant's acceptance of a settlement under this section fully satisfies the claim concerned." 10 U.S.C. § 1552(c). Pursuant to the decision of the Board for Correction of Naval Records in 1981, which granted partial relief to plaintiff by increasing his rating from 40 to 60 percent, the Marine Corps Finance Center determined that plaintiff was entitled to $4,705.72 in back disability retirement pay. This sum was then tendered to plaintiff and accepted by him.

tion Act of October 12, 1949, 63 Stat. 802 (current version at 10 U.S.C. § 1201 *et seq.*). Plaintiff objected to a 40 percent rating and submitted an application to the Physical Disability Appeal Board. The Appeal Board recommended that the 40 percent rating should be affirmed, and its recommendation was approved by the Secretary of the Navy on October 23, 1950. Plaintiff took no appeal from this decision at that time nor did he elect to receive benefits under the Act before the October 1, 1954, cutoff date. However, in 1975 plaintiff petitioned the Board for Correction of Naval Records to amend his records. The Correction Board approved a change in plaintiff's records to show that he had retired at the rank of first lieutenant but refused to raise plaintiff's disability rating.

On July 17, 1978, plaintiff filed suit in the Court of Claims, challenging the decision of the Correction Board and seeking an increase in his disability retirement rating and back pay. The Court of Claims found that plaintiff's claim was barred by the statute of limitations, 28 U.S.C. § 2501 (1976), that plaintiff's cause of action accrued for limitations purposes no later than October 23, 1950 when the Secretary of the Navy approved the Appeal Board decision, and that the limitations period was not tolled by plaintiff's resort to the permissive Correction Board remedy in 1975.

On June 6, 1980, plaintiff filed a second application with the Board for Correction of Naval Records. In this application, plaintiff requested that the Board increase his disability rating under the Career Compensation Act from 40 to 80 percent.

On October 29, 1981, the Board recommended that plaintiff's records be corrected to show that he was retired on July 1, 1945 by reason of physical disability rated at 60 percent. The Board further recommended that plaintiff be entitled to back disability retired pay, computed on the basis of the 60 percent rating from October 1, 1949, the effective date of the Career Compensation Act of 1949.

On November 4, 1981, the Board's recommendation was approved, and the amount of back retired pay due under the Board's decision was later tendered to plaintiff, which he accepted. Plaintiff filed the present action on January 6, 1982.

■ The doctrine of *res judicata* provides that a final judgment on the merits of a cause of action, entered by a court of competent jurisdiction, is thereafter binding on the parties to the suit and their privies. *Commissioner v. Sunnen,* 333 U.S. 591, 597, 68 S.Ct. 715, 719, 92 L.Ed. 898 (1948); *Hasson v. United States,* 618 F.2d 121, 220 Ct.Cl. 615 (1979). Moreover, the judgment is binding "not only as to every matter which was offered and received to sustain or defeat the claim or demand, but as to any other admissible matter which might have been offered for that purpose." *Cromwell v. County of Sac,* 94 U.S. 351, 352, 24 L.Ed. 195 (1876). Thus, *res judicata* precludes the parties from relitigating issues that were or could have been raised in the previous action. *Allen v. McCurry,* 449 U.S. 90, 94, 101 S.Ct. 411, 414, 66 L.Ed.2d 308 (1980).

In his prior action, plaintiff sought relief which would have placed him at a higher disability rating than the one at which he was then classified. The Court of Claims held that plaintiff's claim had accrued no later than October 23, 1950 and was thus barred by the statute of limitations. For the purpose of *res judicata,* the judgment of the Court of Claims operated as an adjudication on the merits. *Schuster v. United States,* 1 Cl.Ct. 708, 710 (1983) (Wood, J.), aff'd, 723 F.2d 69 (Fed.Cir.1983); *Cemer v. Marathon Oil Co.,* 583 F.2d 830, 831–32 (6th Cir.1978); *Mathis v. Laird,* 457 F.2d 926, 927 (5th Cir.1972), *cert. denied,* 409 U.S. 871, 93 S.Ct. 201, 34 L.Ed.2d 122 (1972).

■ In this action, plaintiff comes before this Court and argues again that he is entitled to an increase in his disability rating. Although plaintiff seeks review of a later determination by the Correction Board, his claim here is essentially identical to that raised in the prior Court of Claims decision.

In both actions he sought ultimately an order to modify his disability rating. Plaintiff's resort to the Correction Board is a permissive remedy and does not create a new cause of action. *Ray v. United States,* 538 F.2d 347, 209 Ct.Cl. 761, 766 (1976); *Friedman v. United States,* 159 Ct.Cl. 1, 24–25, 310 F.2d 381, 395–96 (1962), *cert. denied, sub nom. Lipp v. United States,* 373 U.S. 932, 83 S.Ct. 1540, 10 L.Ed.2d 691 (1963). Merely presenting the same argument in somewhat different terms is not sufficient to avoid the application of *res judicata. Bander v. United States,* 161 Ct.Cl. 475 (1963).

■ The prior suit in the Court of Claims was an adjudication on the merits, and the cause of action was the same. Thus, the prior judgment of the Court of Claims, which dismissed plaintiff's action due to the running of the statute of limitations, bars this action.

The defendant's motion to dismiss on the grounds of *res judicata* is granted, and the plaintiff's motion for summary judgment is denied. The complaint will be dismissed.