4 April 2000

No. 3—98—0758

_________________________________________________________________

IN THE 

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT 

A.D., 2000

SMITH TRUST & SAVINGS BANK, ) Appeal from the Circuit Court

an Illinois banking ) of the 14th Judicial Circuit

corporation, ) Whiteside County, Illinois

)

Plaintiff-Appellant, ) 

)

v. ) No.  93—L—28

)

LAUREN A.  YOUNG and M. )

JEANETTE YOUNG, ) Honorable

) Dan A. Dunagan

Defendants-Appellees. ) Judge, Presiding.

)

_________________________________________________________________

JUSTICE LYTTON delivered the opinion of the court:

_________________________________________________________________

Paul D. Young took out two promissory notes with Smith Trust and Savings Bank; his parents, Lauren and M. Jeanette Young (Youngs) co-signed the notes.  When Paul and his wife (children) failed to repay the notes, the bank filed a complaint in state court.  The children subsequently filed for bankruptcy and removed the bank's complaint to the bankruptcy court.  The bankruptcy court remanded the cause of action against the Youngs to state court since it was not part of the "core" bankruptcy proceedings.  The bank then consented to the dismissal of its claims against the children, but pursued its claim against the Youngs as co-signers.  The Youngs filed a motion to dismiss in state court, claiming that the order dismissing the bank’s complaint against the children was 
res judicata
.  The trial court granted the motion, and the bank appeals.  We affirm.

FACTS

Charles W. Brown, Jr. and Paul Young owned Erie Ag Service, a business partnership.  The business was financed with individual lines of credit taken out by each partner at the bank; Paul’s notes were co-signed by his parents.  In 1989, Erie Ag Service filed for bankruptcy reorganization, and the court approved a reorganization plan.  After the plan failed, creditors were allowed to pursue their claims in state court.

Peoples Bank filed a complaint based on the promissory notes, and confessions of judgment were taken against both partners in the business.  The children and the Youngs opened the judgment and filed affirmative defenses.

The bank filed for foreclosure on Brown’s property and attempted to join the children and the Youngs in the proceedings.  However, the children and the Youngs refused to participate and filed a motion to dismiss, which was granted.  The trial court later directed that the foreclosure proceeds be applied to Brown’s debt since no other parties were involved in the case.  The bank later filed a motion to bar the children and the Youngs from asserting any affirmative defenses in this case due to their refusal to participate in the foreclosure proceedings.  The trial court denied the motion.

Later, the children filed for personal bankruptcy under Chapter 11 and requested that the bank’s complaint against them and the Youngs be removed to the United States bankruptcy court.  The bankruptcy court remanded the case against the Youngs to state court under the doctrines of mandatory and discretionary abstention because it lacked jurisdiction over "non-core" proceedings.  The bank then consented to the dismissal of its case in the bankruptcy court, instead choosing to pursue its complaint solely against the Youngs in state court.  It is undisputed that, under Federal Rule 41(b) (Fed. R. Civ. P. 41(b)), the order of dismissal acts as a judgment on the merits as to the bank’s claims in the bankruptcy court.

The Youngs filed a motion to dismiss the state court action, alleging that the dismissal of the children by the bankruptcy court constituted 
res judicata
.  The trial court granted the motion.  The bank’s motion to reconsider was denied.  We affirm.

DISCUSSION

This appeal presents us with the narrow issue of whether the dismissal of a cause of action on the merits by a bankruptcy court precludes the pursuit of the same cause in state court against an accommodation maker that was not a party to the bankruptcy action.  Because a motion to dismiss presents a question of law, we review the trial court’s ruling 
de novo
.  See 
Lucas v. Lakin
, 175 Ill. 2d 166, 171, 676 N.E.2d 637, 640 (1997).

The bank argues that its complaint against the Youngs is not barred by 
res judicata
 because the limited scope of the bankruptcy court’s jurisdiction does not 
reach non-core proceedings.

To support a finding of 
res judicata
, there must be: (1) a final judgment on the merits by a court of competent jurisdiction; (2) identity of the causes of action; and (3) identity of the parties or their privies.  See 
River Park v. City of Highland Park
, 184 Ill. 2d 290, 302, 703 N.E.2d 883, 889  (1998).  The issue presented to us involves only one element of 
res judicata
: whether the bankruptcy court was a "court of competent jurisdiction."

It is well-established that bankruptcy courts do not possess the same powers as Article III courts.  In 
Northern Pipeline Construction Co. v. Marathon Pipe Line Co.
, 458 U.S. 50, 87, 73 L. Ed. 2d 598, 625, 102 S. Ct. 2858, ____ (1982), the United States Supreme Court held that the Bankruptcy Reform Act of 1978 was unconstitutional because it gave Article III powers to bankruptcy courts.  Following this decision, Congress passed the Bankruptcy Amendments and Federal Judgeship Act of 1984, which gave federal district courts jurisdiction over bankruptcy matters.  Pursuant to this act, district courts may refer cases "'arising under title 11 or arising in or related to a case under title 11'" to bankruptcy courts in that district.  
Sarno v. Thermen
, 239 Ill. App. 3d 1034, 1045, 608 N.E.2d 11, 19 (1992) (quoting 28 U.S.C. §157(a) (1988)).  However, this delegation of power is not unlimited; only certain types of cases can be finally decided by bankruptcy courts.  "‘[B]ankruptcy judges may hear and determine all cases under title 11 and all core proceedings arising under title 11, or arising in a case under title 11, ***, and may enter appropriate orders and judgments ***.’" 
CoreStates Bank, N.A. v. Huls America, Inc.
, 176 F.3d 187, 195 (3
rd
 Cir. 1999) (quoting 28 U.S.C. §157(b)(1) (1988)).  A "core" proceeding affects the ultimate distribution of the assets of the debtor and either: (1) involves a substantive right granted by title 11 or (2) could only occur in the context of a bankruptcy.  
Sarno
,  239 Ill. App. 3d at 1046, 608 N.E.2d at 19; 
CoreStates
, 176 F.3d at 195.

Bankruptcy judges may also hear "non-core" proceedings that are "'otherwise related to a case under title 11.'"  
Sarno
,  239 Ill. App. 3d at 1046, 608 N.E.2d at 19 (quoting 28 U.S.C. §157(c)(1) (1988)).  A "non-core" proceeding is one which could have been brought in a federal or state trial court if a bankruptcy petition had not been filed.  
Sarno
,  239 Ill. App. 3d at 1046, 608 N.E.2d at 19.  However, when hearing non-core cases bankruptcy courts may not enter final judgments; they may only offer proposed findings of fact and recommendations of law to federal district court judges.  
CoreStates
, 176 F.3d at 196.  Because bankruptcy courts’ non-core decisions lack finality, actions involving claims that could have been raised as non-core issues in bankruptcy proceedings are not barred by 
res judicata
.  See 
Sarno
,  239 Ill. App. 3d at 1046, 608 N.E.2d at 19; 
Barnett v. Stern
, 909 F.2d 973, 979 (7
th
 Cir. 1990).

The bank relies on 
Sarno
 to argue that the dismissal of its bankruptcy complaint against the children is not 
res judicata
 as to any state claim.  It contends that since the bankruptcy court abstained from taking jurisdiction over the Youngs as a non-core proceeding, the state court may hear the bank’s case against them without 
res judicata
 implications.  See 
Sarno
,  239 Ill. App. 3d at 1046, 608 N.E.2d at 19.

In 
Sarno
, a corporation and one of its shareholders filed a state law conspiracy claim alleging that the corporation’s creditors had filed a frivolous involuntary bankruptcy petition.  Even though the shareholder’s claim addressed the same wrongful filing, the appellate court found that it was not barred by 
res judicata
 because the claim would not have been a core proceeding in the bankruptcy court since it concerned allegations of conspiracy arising under state law.  
Sarno
,  239 Ill. App. 3d at 1047, 608 N.E.2d at 20.  Furthermore, the damages sought by the corporation and by the shareholder represented two distinctly different types of injuries.  
Sarno
,  239 Ill. App. 3d at 1048, 608 N.E.2d at 20.

In this case, the bank filed the same complaint and sought the same damages against both the children and the Youngs.  The bankruptcy court dismissed the complaint against the children because the bank chose not to prosecute it.  Pursuant to Federal Rule 41(b) (Fed. R. Civ. P. 41(b)), this resulted in a judgment on the merits of the issue of whether the debt was owed.  In 
Sarno
, the claims against the creditors had not been asserted in the bankruptcy court.  In this case, the only claim (a simple debt collection on the notes) was pursued in the bankruptcy court against the children and in state court against the Youngs as co-

singers.  Under these circumstances,  
Sarno
 is distinguishable.

The common law doctrine of 
res judicata
 is vital to our system of justice because it provides for the finality of rulings by barring the relitigation of claims or defenses that had been or could have been brought in a prior case.  
In re National Industrial Chemical Co.
, 237 B.R. 437, 441 (Bankr. N.D. Ill. July 13, 1999).  It encompasses both the concepts of claim preclusion and issue preclusion, although the latter is often referred to as collateral estoppel.  
Osborne v. Kelly
, 207 Ill. App. 3d 488, 490-91, 565 N.E.2d 1340, 1342 (1991).  It is based in public policy considerations of fairness, finality, and judicial efficiency.  
Osborne
, 207 Ill. App. 3d at 491, 565 N.E.2d at 1342.  In 
res judicata
, any issues that were raised, or could have been raised, in the prior proceeding are barred; thus, it precludes the plaintiff’s entire cause of action.  See 
Bennett v. Gordon
, 282 Ill. App. 3d 378, 382, 668 N.E.2d 109, 112 (1996).  Collateral estoppel bars only those issues that have actually been litigated.  
Osborne
, 207 Ill. App. 3d at 491, 565 N.E.2d at 1342.  For purposes of our analysis, the concepts underlying both of these doctrines are applicable.

The Youngs urge this court to adopt a simple application of 
res judicata
 to the facts of this case.  However, the limited jurisdiction of bankruptcy courts precludes such an analysis.  This case presents the question of whether a bankruptcy court can do indirectly what it lacks jurisdiction to do directly, that is, cut off the liability of an accommodation maker.

The United States Supreme Court in 
Myers v. International Trust Co.
, 263 U.S. 64, 72-73, 68 L. Ed. 165, 169, 44 S. Ct. 86, __ (1923), applied the principles of 
res judicata
 to decisions of a court of limited jurisdiction.  The Court held that a bankruptcy court’s determination that the debtor’s statements were not false precluded the relitigation of this issue in another court, despite the bankruptcy court’s limited jurisdiction.  In that case, the lender-bank had brought a deceit action in state court, alleging by that the defendant-debtor had made false statements on loan documents.  In its holding, the Court found that the bank’s state court allegations were the same as its claims opposing confirmation of a bankruptcy petition for composition.  In the instant case, the bank also filed the same cause of action in both its state and bankruptcy court complaints.

Similarly, in 
Edgar v. United States
, 171 F. Supp. 243, 246 (Ct. Cl. 1959), 
the court found that differences in the relief sought by a plaintiff who had filed a complaint in the federal district court seeking 
mandamus
 and in the court of claims seeking monetary damages did not preclude the application of 
res judicata
 when the issues presented in both complaints were identical.  The court reasoned that "although the [federal district court] is one of limited jurisdiction, if it has authority to determine the issue within the scope of its jurisdiction, all other courts are estopped from subsequently relitigating the same issue.  The nature of the relief sought in the first action never controls the application of the rule of estoppel by judgment."  
Edgar
, 171 F. Supp. at 247-48.

In the instant case, it is undisputed that the bankruptcy court had the authority to render a final judgment on the bank’s complaint.  The issue and relief sought in both cases were the same.  Although the bankruptcy court’s jurisdiction was limited, it had the power to decide the issue and the request for relief presented to it.  See 
Edgar
, 171 F. Supp. at 247-48.  Since the bankruptcy court was a "court of competent jurisdiction," the elements of 
res judicata
 have been established.  The judgment of the bankruptcy court precludes the action in the state court.

We recognize that this is a very harsh result.  The bank has never had an opportunity to fully litigate the merits of its claim on the notes.  Yet, we can find no other answer to this conundrum.  The effect of the Rule 41(b) (Fed. R. Civ. P. 41(b)) dismissal bars the bank’s state law claim against the Youngs.

CONCLUSION

 Since the bank’s complaint against the Youngs was properly dismissed by the trial court, we need not address the other issue argued by the parties.

The judgment of the circuit court of Whiteside County is affirmed.

Affirmed.

SLATER, P.J., and HOLDRIDGE, J., concur.