Reed, Justice (Bet.),
sitting by designation, delivered the opinion of the court:
This is an employer-removal case in which the plaintiff is suing for back pay as a result of an alleged unlawful discharge from his government position. Both parties have moved for summary judgment.
For a number of years prior to 1961, the plaintiff was employed by the United States Department of the Interior as an Attorney-Advisor (General), GS-13, Branch of Appeals and Litigation, Division of Indian Affairs, Office of the Solicitor. Plaintiff is a non-veteran and occupied a Schedule A position in the excepted service.[1]
On March 15,1961, the plaintiff received a letter from the Administrative Assistant Secretary of the Department of the Interior notifying him that his services would be terminated one month later. This letter gave no reason for the removal and concluded with the statement that the discharge “should not be construed in any way as a reflection on your character or ability.” Accordingly, employment was terminated at the close of business on April 14,1961.
On June 12, 1962, the plaintiff sought a hearing at the agency level. After this was denied, an appeal was taken to the Civil Service Commission. This appeal was denied by the Board of Appeals and Review on August 2, 1962. Pursuant to 28 U.S.C. § 1491[2] a petition was thereafter filed in this court.
Plaintiff’s case is based on three contentions. First, he says that because no reason was given for his removal, the dismissal was so arbitrary, capricious and grossly erroneous as to imply bad faith. Secondly, he contends that his removal was in violation of the employing agency’s own personnel regulations. Finally, he argues that his removal was *183 procedurally defective in that it violated Executive Order 10987, 27 Fed. Reg. 550 (1962).
As to the first contention: The Supreme Court in Keim v. United States, 177 U.S. 290 (1900), considered the question of whether or not the courts may supervise the acts of an executive department head in discharging an employee. The Court’s decision in that case clearly placed the removal of executive department employees within the ambit of executive discretion, and ruled that until Congress, by “special and direct legislation makes provisions to the contrary,” the courts cannot review the soundness or propriety of the exercise of the department head’s discretion. This case stands as a solid milestone in a long line of unbroken authorities holding that where there are no established procedures or statutes to be followed, removal of an employee is solely within the discretion of agency officials and accordingly may be effected without giving reason. See Cafeteria Workers v. McElroy, 367 U.S. 886, 896-97 (1961) and cases cited therein.
In the instant case plaintiff has failed to plead any facts in support of his allegation of arbitrary and capricious action other than the sole fact that the letter of removal gave no reason for his dismissal. Not only does this give rise to a serious question as to whether or not he has succeeded in stating a cause of action cognizable by this court,[3] but further brings the case within the purview of permissable executive discretion. Therefore, in the absence of allegation of any procedural violations,[4] we cannot say that the mere *184 fact that the Department of the Interior did not state its reasons for dismissing the plaintiff makes its action arbitrary and capricious.
We turn now to the plaintiff’s second contention, namely, that his discharge was in violation of the agency’s own personnel regulations in effect at the time of his separation. The regulations relied upon appeared in Chapter ID-SI of the Department of the Interior’s Personnel Manual, dated March 5, 1951.
These regulations set forth a definite procedural framework which provided safeguards in order to prevent the Department from arbitrarily dismissing those employees; who were covered — none of which have been followed in the instant case. However, in order to bring himself within the teaching of Service v. Dulles, 354 U.S. 363, 382-89 (1957), holding that departmental regulations relative to discharges have the force and effect of law, it must be determined whether the regulations covered the position from which he was discharged. It is clear to us that plaintiff’s position was not embraced in the regulations.
Although there is general language in the Department’s regulations that suggests they were applicable to all employees,[5] definite limitations lead us to the conclusion that neither plaintiff nor his position was covered. The chapter under consideration was headed:
Department of the Interior
SUPPLEMENT to the Federal Personnel Manual
Furthermore, the section entitled “scope” clearly stated that the chapter in question (ID-SI) “supplements chapter Si of the Federal Personnel Manual [FPM], ...”[6] The pro *185 visions of Chapter SI of the FPM in effect at the time of plaintiff’s removal excluded from their coverage employees in the excepted service unless the persons serving in this service were entitled to the benefits of the Veterans’ Preference Act.[7] Thus, the Interior Department Supplement, having been issued as a supplement to Chapter SI of the FPM, by its own limiting language did not apply to the separation of non-veteran employees in the excepted service — the position that the plaintiff then occupied. Under these circumstances plaintiff has no standing to argue that the Department’s regulations were applicable to him or to persons similarly situated.
Plaintiff’s final contention is that Executive Order 10987 has given him new rights to sue for back pay. This Order required most Federal agencies (including the Department of the Interior) to “establish within the department or agency a system for the reconsideration of administrative decisions to take adverse action against employees.”[8] We held, however, in Foley v. United States, 159 Ct. Cl. 518, that the Order, by its own language, applied only to adverse actions commenced on or after July 1, 1962.[9] Since the present removal action was begun and finished over a year prior to the effective date of the Order, we find no merit to plaintiff’s argument that he was entitled to its benefits.
Accordingly, there would be no point to a trial of any of the plaintiff’s charges since in no event could this court grant the relief sought. The plaintiff’s motion for summary judgment is denied. The defendant’s cross-motion for summary judgment is granted and the petition is dismissed.

 Schedule A positions are those “positions other than those of a confidential or policy-determining character for which it is not practical to examine . . .” 5 C.E.R. § 6.2.

 Which gives power to this court to render judgment against the united States founded, inter alia, upon any act of Congress or any regulation of an executive department.

 See Kent v. United States, 105 Ct. Cl. 280 (1916). Rule 9(b) of the court requires that the circumstances constituting arbitrary and capricious conduct be pleaded with particularity. Thus, a bare allegation of such conduct is not sufficient to state a cause of action. Dilatush v. United States, 151 Ct. Cl. 405 (1960). It should further be noted that “in the absence of clear evidence to the contrary, it is presumed that publie officers have properly discharged their official duties.” Harrington v. United States, 161 Ct. Cl. 432, 442 (1963). Plaintiff has filed no papers in the cause which would tend to dispel this presumption.

 Plaintiff concedes that he is not entitled to the procedural protections against discharge of the Veterans’ Preference Act, as amended, 5 U.S.C. § 863, or the Lloyd-La Follette Act, as amended, 5 U.S.C. § 652, since he was neither a veteran nor in the classified service. In Vitarelli v. Seaton, 359 U.S. 535 (1959), the Supreme Court pointed out that Vitarelli, an Interior Department employee who had failed to qualify under the above provisions, “could have been summarily discharged by the Secretary at any time without giving any reason . . . .” 359 U.S. at 539, cited with approval in Cafeteria Workers v. McElroy, 367 U.S. 886, 897 (1961).

 E.g., “Department Polley—The policy of the Department is that unfit and undesirable employees whose removal will promote the efficiency of the Federal Service are to be separated promptly in a manner which assures absolute fairness, justice and protection of the employees against arbitrary or capricious removal.” ID-SI, p. 1.

 Id. at 5.

 The "General Provisions” section of chapter SI stated that adverse action procedures “must be followed when the agency initiates adverse action against an employee who is covered by Part 9 or Part 22 of the Commission’s regulations.” FPM olí. SI, p. 3, Jan. 18, 1961. Part 9 of the PPM dealt with employees entitled to the benefits of the Lloyd-La Pollette Act while Part 22 dealt with employees covered by the Vpterans’ Preference Act.

 27 Fed. Reg. (1962). Essentially the same kind of protection against arbitrary removal is afforded by the terms of the Order as was provided by the Department of the Interior’s own regulations.

 Section 6 of the Executive Order states: “This order shall become effective as to all adverse actions commenced by issuance of a notification of proposed action on or after July 1, 1962.” 27 Ped. Reg. 551 (1962).