On June 22, 1979 the court entered the following order:
Before Davis, Judge, Presiding, Kashiwa, and Kunzig, Judges.
In this civilian pay case pro se plaintiff alleges that she was wrongfully discharged from her position as a clerk-typist with the Department of the Army. The case is before the court on cross-motions for summary judgment. We conclude that there are no disputed issues of material fact and award judgment to the defendant.
Since 1972 plaintiff has worked in several positions in the federal civil service. During 1973 plaintiff held the position of clerk-typist with the Department of the Army in Fort Ord, California. Her appointment was in the career-conditional category. She completed her one-year probationary period in April of 1974.
Sometime in late 1975 or early 1976, plaintiff traveled with her soldier-husband on his overseas tour of duty in Germany. Plaintiff alleges that she was on a leave of absence from her clerk-typist position. On February 12, 1976, plaintiff was employed by the Army as a clerk *710 dictating machine transcriber in Frankfurt, Germany. The appointment was in the excepted category pursuant to 5 C.F.R. § 213.3106(b)(6)(1978).[1] Plaintiff was not advised of the effect of conversion from the competitive service to the excepted service, nor did she sign a statement of understanding as prescribed by Section 302, Subsection 2-10 of the Federal Personnel Manual.[2] Two months later, plaintiff was reassigned in Germany to a clerk-typist position.[3] She voluntarily resigned from that position on September 10, 1976, for personal reasons.
On August 8, 1977, plaintiff was rehired as a clerk-typist by the Army. This appointment was also classified as excepted pursuant to 5 C.F.R. § 213.3106(b)(6). Then, by letter dated December 5, 1977, plaintiff was notified that she would be removed from her position effective December 9, 1977. The letter explained that the termination was due to deficient work performance and continued tardiness. Plaintiff was not given any other written notice of the charges, nor was she accorded an opportunity to respond to the charges prior to her termination.
Plaintiff appealed to the Civil Service Commission. She alleged that her conversion from the competitive service to the excepted service had been unlawful because the Army had failed to follow the procedures stated in Section 302, Subsection 2-10 of the Federal Personnel Manual. Since her conversion had been illegal and thus void, she argued, she was, in a sense, still in the same competitive service and could not have been terminated unless the Army *711 followed the dictates of 5 U.S.C. § 7501 (1976) and 5 C.F.R. § 752 (1978).[4]
The Civil Service Commission refused to accept the appeal. It reasoned that any irregularities in plaintiffs conversion from the competitive service to the excepted service were irrelevant to plaintiffs present termination because plaintiff had voluntarily resigned from her first appointment in Germany on September 10, 1976. The position from which plaintiff was terminated on December 9, 1977, was the one she entered on August 8 of that same year, nearly 11 months after her voluntary resignation from her first appointment. Holding that its jurisdiction does not extend to excepted positions, and since plaintiffs position was properly classified as excepted, the Commission found that plaintiffs appeal was outside its jurisdiction.
In her suit for back pay in this court, plaintiff has repeated many of the points she made to the Commission. She has failed to convince us, however, that the Commission erred in finding that the job from which plaintiff was fired was properly classified as excepted. There is no causal connection between the alleged impropriety in her first excepted appointment and the second appointment made almost eleven months following plaintiffs voluntary resignation. We find no impropriety in the method or terms of the second appointment. As an excepted appointee, plaintiff was not entitled to the procedural protections which are reserved for competitive appointees. See Batchelor v. United States, 169 Ct.Cl. 180, cert. denied, 382 U.S. 870 (1965).
In her brief, plaintiff has made some broad charges which amount to a claim that the agency acted in bad faith and was arbitrary and capricious in its determination. She has not alleged any specific facts, however, to support her charges. "Considering the strong presumption that public officials act in good faith, an employee carries a heavy burden in attempting to show, in cases of this kind, that [her] discharge was so lacking in rational support that it must be characterized as arbitrary or capricious.” Horne v. *712 United States, 190 Ct.Cl. 145, 150, 419 F. 2d 416, 419 (1969). See Crowley v. United States, 208 Ct.Cl. 415, 527 F. 2d 1176 (1975); Poschl v. United States, 206 Ct.Cl. 672 (1975). Viewing the evidence in the light most favorable to the plaintiff, we conclude that the exercise of agency discretion in terminating plaintiff was not arbitrary or capricious.
Accordingly, it is ordered, upon consideration of the submissions of the parties, but without oral argument, that defendant’s motion for summary judgment is granted. Plaintiffs cross-motion for summary judgment is denied. The petition is dismissed.

 The regulation describes positions in overseas installations of the Department of Defense when filled by dependents of civilian or military employees of the Department resident in the area.

 Section 302, Subsection 2-10 of the Federal Personnel Manual reads in pertinent part:
When an employee proposed for appointment to a position in the excepted service or for a noncareer executive assignment is serving under a nontemporary appointment in the competitive service, the agency may not make the excepted appointment or noncareer executive assignment or conversions thereto until the employee has:
(1) Been informed that because the position is in the excepted service it may not be filled by competitive appointment, and that his acceptance of the proposed appointment will take him out of the competitive service while he occupies the position; and
(2) Submitted a written statement to the effect that he understands he is leaving the competitive service voluntarily to accept an appointment in the excepted service.

 Again an excepted position. Just a reassignment, not a new appointment.

 Plaintiff also alleged that her discharge was racially motivated. She later withdrew this charge. As we read plaintiffs petition, she does not press her claim of racial discrimination before this court.