793 F.2d 284
 Stewart G. HUBER, Myron A. Maiewski, John F. Apitz, Billy R.
Burke, William F. Burnette, Brian D. Burns, Larry
E. Dahl, and J. Fred King, Petitioners,
v.
MERIT SYSTEMS PROTECTION BOARD, Respondent.
 Appeal Nos. 85-2444, 85-2469 and 85-2470.
 United States Court of Appeals,
Federal Circuit.
 June 5, 1986.
 
 Walter H. Fleischer, Cole & Groner, P.C., Washington, D.C., argued for petitioners. With him on brief was Alfred F. Belcuore.
 Paul Streb, Merit Systems Protection Bd., Washington, D.C., argued for respondent. With him on brief were Evangeline W. Swift, General Counsel, Mary L. Jennings, Associate General Counsel for Litigation and David C. Kane, Reviewer for Litigation.
 Before MARKEY, Chief Judge, and FRIEDMAN and NEWMAN, Circuit Judges.
 PAULINE NEWMAN, Circuit Judge.
 
 
 1
 Petitioners appeal[1] the decision of the Merit Systems Protection Board ("Board"), which dismissed petitioners' appeals for lack of jurisdiction. For the reasons that follow, we affirm the decision of the Board.
 
 Background
 
 2
 Petitioners were employed either as State Executive Directors of the Agricultural Stabilization and Conservation Service or as State Directors of the Farm Home Administration, U.S. Department of Agriculture ("agency"). Petitioners held Schedule A excepted service appointments, without veterans preference ("non-preference eligible"). 5 C.F.R. Sec. 6.2 states that:
 
 
 3
 Positions other than those of a confidential or policy-determining character for which it is not practicable to examine shall be listed in Schedule A.
 
 
 4
 On March 23, 1981, the President issued Executive Order 12300, 46 Fed.Reg. 18,683 (1981), reprinted at 5 U.S.C. Sec. 3301 note (1982), which amended 5 C.F.R. Sec. 6.8 to include a new subsection:
 
 
 5
 (c) Within the Department of Agriculture, positions in the Agricultural Stabilization and Conservation Service the incumbents of which serve as State Executive Directors and positions in the Farmers Home Administration the incumbents of which serve as State Directors or State Directors-at-Large shall be listed in Schedule C for all grades of the General Schedule.
 
 5 C.F.R. Sec. 6.2 states that:
 
 6
 Positions of a confidential or policy-determining character shall be listed in Schedule C.
 
 
 7
 Petitioners were informed by notice issued March 25, 1981 that as a result of the Executive Order their Schedule A positions had been abolished, and that they would be separated by a reduction in force ("RIF") action, effective May 1, 1981. Petitioners were also advised of their right to appeal the RIF to the Board in accordance with Part 351 of 5 C.F.R.
 
 
 8
 The appeals of these non-preference eligible petitioners were consolidated before the Board with appeals of the preference eligible employees who had been separated from the same category of positions in the same RIF action. At the hearing before the Chief Administrative Law Judge (ALJ), all appellants asserted that the RIF was invalid because their positions had not actually been abolished, and that they had been separated for political reasons contrary to the First Amendment right of freedom of association.
 
 
 9
 The preference eligible appellants further asserted that the RIF was devised by the agency to deprive them of their rights as veterans, 5 U.S.C. Sec. 7511(a)(1)(B). These appellants argued that had the agency's action been a removal rather than a RIF, they could have been separated only for cause in conformity with 5 U.S.C. Sec. 7513.
 
 
 10
 The agency argued that all the appellants' Schedule A positions had become redundant when they were replaced with the new Schedule C positions, and that this constituted a reorganization or reclassification within the RIF regulations. The agency further asserted, in the alternative, that if a RIF had not occurred the appellants would have become occupants of Schedule C positions; and because 5 U.S.C. Sec. 7511(b) denies appeal rights under 5 U.S.C. Sec. 7513 to Schedule C incumbents, the appellants would lack a jurisdictional basis on which to appeal.
 
 
 11
 The ALJ determined that the duties of the State Director and State Executive Director under Schedule A were substantially the same as under Schedule C, and that incumbents of these positions under Schedule A classification had been subject to displacement upon changes in administration for almost thirty years. He held that "[t]he conclusion is inescapable that there was no reorganization and no reclassification, that the Department's action did not fall within the RIF regulations, and the RIF action was invalid". He stated:
 
 
 12
 [T]he actions taken against the appellants were based on reasons personal to them--essentially, not being "qualified" for the confidential and policy-related responsibilities involved. This requires that the actions be viewed as removals "for cause", rather than as reductions in force.
 
 
 13
 The ALJ held that all of the appellants were Schedule A employees at the time of their removal.
 
 
 14
 Having concluded that the so-called "RIF" was a removal action personal to appellants, the ALJ held that only those appellants who were preference eligible could invoke the statutory procedural rights of 5 U.S.C. Sec. 7513. As to these appellants, the ALJ held that denial of the opportunity to contest their removal, as provided by statute, constituted prejudicial error and a denial of due process requiring that the removal actions be rescinded as to them. None of those persons is included in the consolidated appeal before us.
 
 
 15
 The ALJ dismissed the appeals of the non-preference eligible appellants for lack of jurisdiction, premised on these appellants' statutory exclusion from the protections accorded their preference eligible colleagues under 5 U.S.C. Secs. 7511-13, and failure to assert any other jurisdictional basis for appeal. Thus, the ALJ concluded that non-preference eligibles in the excepted service had no right to appeal their removal to the Board, even if such removal had initially been mis-characterized as a RIF. These appellants' assertion of partisan political discrimination was held to be outside the jurisdiction of the Board in the absence of an independently appealable matter.
 
 
 16
 The Board affirmed the ALJ's decision, from which the non-preference eligible employees now appeal.
 
 Analysis
 
 17
 The issue is whether the Board erred in dismissing the appeals of non-preference eligible excepted service employees after determining that they had been subjected to a removal action and not a RIF action.
 
 
 18
 A RIF is an administrative procedure by which agencies eliminate jobs and account for employees who occupied abolished positions. It is not an adverse action against a particular employee, but is directed solely at a position within an agency. Grier v. Department of Health and Human Services, 750 F.2d 944, 945 (Fed.Cir.1984). The RIF regulations, as promulgated pursuant to 5 U.S.C. Sec. 3502, state at 5 C.F.R. Sec. 351.201(a)(2):
 
 
 19
 Each agency shall follow this part when it releases a competing employee from his or her competitive level by furlough for more than 30 days, separation, demotion, or reassignment requiring displacement, when the release is required because of lack of work, shortage of funds, insufficient personnel ceiling, reorganization, or the exercise of reemployment rights or restoration rights.
 
 
 20
 A RIF for the purpose of reorganization is defined as "the planned elimination, addition, or redistribution of functions or duties in an organization". 5 C.F.R. Sec. 351.203.
 
 
 21
 An employee regardless of preference status who has been separated by RIF may appeal that action to the Board. 5 C.F.R. Sec. 351.901. Petitioners argue on appeal, as they had before the Board, that they were separated by RIF, and that a RIF action does not lose that character for jurisdictional purposes merely because it is later determined not to have been a RIF. Petitioners rely on Securities & Exchange Commission v. Chenery Corp., 332 U.S. 194, 196, 67 S.Ct. 1575, 1577, 91 L.Ed. 1995 (1947), wherein the Court said:
 
 
 22
 When the case was first here [referring to Securities and Exchange Commission v. Chenery Corp., 318 U.S. 80, 63 S.Ct. 454, 87 L.Ed. 626 (1943)], we emphasized a simple but fundamental rule of administrative law. That rule is to the effect that a reviewing court, in dealing with a determination or judgment which an administrative agency alone is authorized to make, must judge the propriety of such action solely by the grounds invoked by the agency. If those grounds are inadequate or improper, the court is powerless to affirm the administrative action by substituting what it considers to be a more adequate or proper basis. To do so would propel the court into the domain which Congress has set aside exclusively for the administrative agency.
 
 
 23
 Petitioners urge that the Board's holding that the action was not a RIF permits the agency to escape the principle that "[h]e that takes the procedural sword shall perish with that sword", quoting from Justice Frankfurter's partial dissent in Vitarelli v. Seaton, 359 U.S. 535, 547, 79 S.Ct. 968, 976, 3 L.Ed.2d 1012 (1959).
 
 
 24
 Petitioners thus argue that the agency's initial denomination of the action as a RIF can not be corrected by either the Board or the courts. In so arguing, petitioners confuse the assigned roles of the Board, itself part of the administrative agency structure, and the courts. See generally Frazier v. Merit Systems Protection Board, 672 F.2d 150, 153-54 (D.C.Cir.1982). It is the grounds for the Board's decision on the agency's action that is subject to judicial review, guided by Chenery and the controlling statutes.
 
 
 25
 The RIF regulations, which petitioners argue govern the disposition of their case, explicitly define those actions which constitute RIFs. The Board analyzed the action in view of the regulatory definition, and determined that petitioners were separated not by RIF but by adverse action. This was the result urged by all the appellants before the Board.
 
 
 26
 The Board rescinded the RIF separations of the preference eligible employees, relief that petitioners assert was unjustly denied to them. The Board granted the preference eligible employees this relief for the reason that the agency had denied them the procedural rights from removals "for cause" to which they, as veterans, were entitled. Petitioners do not dispute that they do not have such rights. Rather, petitioners argue that the Board should not be permitted to treat the agency action as a removal "for cause" when it was initially designated a RIF. Petitioners argue that Chenery requires the Board to accept the agency's denomination of its action as a RIF for jurisdictional and relief purposes, even if this denomination is found by the Board to be erroneous.
 
 
 27
 We discern no such restraint, in the statute or regulations, on the Board's authority in review of administrative personnel actions. See Civil Service Reform Act of 1978, S.Rep. No. 969, 95th Cong., 2d Sess. 24, reprinted in 1978 U.S. Code Cong. & Ad. News 2723, 2746 ("The Merit Systems Protection Board is ... empowered to determine when abuses or violations of law have occurred, and to order corrective action."); 5 U.S.C. Sec. 1205; 5 C.F.R. Sec. 1201.3.
 
 
 28
 It is routine for the Board to review the form of agency actions to determine whether they were proper RIF actions. For example, in Hawkins v. Department of the Army, 5 MSPB 3, 4 M.S.P.R. 462 (1981), an agency's amended RIF notice placing petitioner at a higher grade than the position to which she was reassigned was held by the Board not to be a RIF, and appeal rights premised on a RIF were therefore denied. In Wright v. Federal Aviation Administration, 11 MSPB 167, 12 M.S.P.R. 545 (1982), a non-preference eligible employee in the excepted service was reassigned with reduced grade and pay, and thus was held by the Board to have been subjected to a RIF to which appeal rights adhere. Such inquiry may affect or determine the basis for jurisdiction of the Board and the courts. See, e.g., Maddox v. Merit Systems Protection Board, 759 F.2d 9, 10 (Fed.Cir.1985).
 
 
 29
 It is the final administrative decision of the Board, and the basis therefor, that is the subject of judicial review, consistent with Chenery. The Board's decision in the case at bar is that the agency's action was not a RIF but a removal for cause, from which these petitioners have no statutory right of appeal. Petitioners assert as "baffling" the Board's reliance on Horne v. Merit Systems Protection Board, 684 F.2d 155 (D.C.Cir.1982), wherein the court vacated and remanded because the requisite formal RIF procedures had not been followed, but stated that remand for such formal removal procedures would be unnecessary if the petitioners, who were in the excepted service, lacked tenure rights. In the case at bar the Board cited Horne as authority for omitting remand for formal removal procedures because the petitioners lacked tenure rights. Petitioners argue that the Horne court did not intend the interpretation adopted by the Board. Although the Horne facts are not squarely in point, we conclude that the Board had discretion to refuse to remand for the purpose of carrying out formal removal procedures that were, on these facts, unavailable to these petitioners.
 
 
 30
 Petitioners, as excepted service employees without preference eligibility, could have been removed at any time, with or without cause. Chu v. United States, 773 F.2d 1226, 1228 (Fed.Cir.1985). See also Vitarelli, 359 U.S. at 539, 79 S.Ct. at 972; Paige v. Harris, 584 F.2d 178, 181 (7th Cir. 1978). For an employee in the excepted service who is not a veteran, the panoply of protection afforded those in the competitive service is not available. Fiorentino v. United States, 607 F.2d 963, 966, 221 Ct.Cl. 545, 549 (1979), cert. denied, 444 U.S. 1083, 100 S.Ct. 1039, 62 L.Ed.2d 768 (1980); Batchelor v. United States, 169 Ct.Cl. 180, 185, cert. denied, 382 U.S. 870, 86 S.Ct. 147, 15 L.Ed.2d 109 (1965).
 
 
 31
 Petitioners do not dispute that their Schedule A positions were within the excepted service and that they are not preference eligible. Petitioners therefore were not within the statutory definition of "employee" in 5 U.S.C. Sec. 7511(a)[2], and were correctly denied the statutory and regulatory protection provided for an "employee" subjected to a removal action. See 5 U.S.C. Sec. 7513; 5 C.F.R. Sec. 752.401(b). The refusal of the Board to accord petitioners the same relief as was granted to the preference eligible employees is based on this statutory exclusion.
 
 
 32
 Because the agency could have separated the petitioners without cause, the Board did not abuse its discretion in declining to remand the matter to the agency to reimplement their separation. See Securities and Exchange Commission v. Chenery Corp., 318 U.S. at 88, 63 S.Ct. at 459; Helvering v. Gowran, 302 U.S. 238, 245, 58 S.Ct. 154, 158, 82 L.Ed.2d 224 (1937). There were no additional procedural safeguards or steps to which the petitioners could aspire before the agency, no right to a hearing, and no right to appeal to the Board. For these reasons, the decision of the Board is
 
 
 33
 AFFIRMED.
 
 
 
 [1]
 Appeals consolidated on motion of various petitioners. Before the Board the case was captioned Blalock v. Department of Agriculture, 28 M.S.P.R. 17 (1985)
 
 
 [2]
 (a) For the purpose of this subchapter--
 (1) "employee" means--
 (A) an individual in the competitive service who is not serving a probationary or trial period under an initial appointment or who has completed 1 year of current continuous employment under other than a temporary appointment limited to 1 year or less; and
 (B) a preference eligible in an Executive agency in the excepted service, ... who has completed 1 year of current continuous service in the same or similar positions....